

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00830-CR

Herbert Vince **ARCENEAUX**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR4163
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

Herbert Vince Arceneaux appeals the trial court's judgment adjudicating his guilt and sentencing him to ten years' imprisonment. The sole issue presented on appeal is whether trial counsel rendered ineffective assistance of counsel in failing to adequately prepare for the hearing on the State's motion to adjudicate guilt and in failing to file a motion for new trial to present additional evidence. We affirm the trial court's judgment.

**PROCEDURAL BACKGROUND**

Pursuant to a plea bargain agreement, Arceneaux pled guilty to attempted sexual assault, Arceneaux's guilt was deferred, and he was placed on ten years' community supervision, commencing January 3, 2013. On May 15, 2013, the State filed a motion to enter adjudication of guilt, asserting that Arceneaux illegally used a controlled substance, namely cocaine, on May 7, 2013, in violation of the terms of his community supervision. On June 12, 2013, the trial court amended the conditions of Arceneaux's community supervision and ordered him to enter an in-patient residential treatment program.

On July 2, 2013, the State reported that Arceneaux was unable to pass the medical screening for placement in the residential treatment program because of the number of medications he was taking. As a result, Arceneaux was released from jail on July 2, 2013, without being required to attend the residential treatment program.

On July 22, 2013, the State filed a second motion to enter adjudication of guilt asserting that Arceneaux illegally used a controlled substance, namely cocaine, on July 8, 2013, in violation of the terms of his community supervision. On August 28, 2013, the trial court amended the conditions of Arceneaux's community supervision and ordered him to continue with an outpatient substance abuse treatment program and to report to his supervision officer on a weekly basis beginning August 28, 2013, to submit a urinalysis.

On October 11, 2013, the State filed a third motion to enter adjudication of guilt asserting that on or about September 30, 2013, and October 2, 2013, Arceneaux failed to report and submit a urinalysis. The motion also alleged that Arceneaux failed to pay certain fees.

At the hearing on the State's motion, Arceneaux pled true to failing to report and submit a urinalysis on September 30, 2013, and the State waived the other violations. Arceneaux's trial attorney initially stated that he "believe[d] [the trial court was] aware of Mr. Arceneaux's medical

conditions,"[1] and explained that Arceneaux provided proof to his probation officer that he was hospitalized September 23rd and September 24th, as well as October 1st through October 5th. Arceneaux's trial attorney further stated that Arceneaux again sought medical treatment on October 7th. In response to the trial court's question regarding the reason Arceneaux failed to report after he was released from the hospital, Arceneaux's trial attorney stated, "Well, I don't know. You can hear from him yourself, but he did say he had called on September 30th to Probation to say that he was very sick and he was going to the hospital." When the trial court immediately stated that Arceneaux's probation was revoked, Arceneaux's trial attorney requested that the trial court allow Arceneaux to address the court. After the trial court allowed Arceneaux to address the court, Arceneaux stated he "was real sick at the time," and asked if the trial court knew his medical condition. The trial judge responded that he did not and that Arceneaux needed to talk to his attorney so he could "present it." The trial court then stated, "This is the second time we've had this. The same [sic] time he doesn't report for his UA's." The trial court then pronounced sentence at ten years' imprisonment and commented that if Arceneaux wanted to file "a motion to re-file, you bring up some evidence, that's your business." No timely motion for new trial was filed.

## STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, an appellant must prove two elements by a preponderance of the evidence: (1) deficient performance of trial counsel; and (2) harm resulting from that deficiency sufficient to undermine confidence in the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte LaHood*, 401 S.W.3d 45, 49 (Tex. Crim. App. 2013). Deficient performance is that which falls "'below an objective standard of

---

[1] This belief may have been based on the trial court's releasing Arceneaux from jail after the number of medications he was taking prevented him from being admitted to the in-patient residential treatment program.

reasonableness' under prevailing professional norms and according to the necessity of the case." *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (quoting *Strickland*, 466 U.S. at 687–88). Trial counsel's actions are presumed reasonable and based on sound trial strategy. *Id*. To overcome this presumption, an appellant must establish ineffectiveness that is "firmly founded" and affirmatively demonstrated in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). A direct appeal is generally an "inadequate vehicle for raising such a claim because the record is generally undeveloped." *Id*. Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Id*. (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id*. (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

## DISCUSSION

Although Arceneaux contends that trial counsel was not prepared for the hearing, his trial counsel provided the trial court with specific dates regarding the hospitalizations that interfered with Arceneaux's reporting. The trial court, however, focused on Arceneaux's failure to report after the hospitalizations. The record contains no evidence that Arceneaux's medical conditions interfered with his ability to report at that time. Moreover, the trial court appeared to be focused on the procedural history of Arceneaux's community supervision and the prior motions filed by the State to adjudicate Arceneaux's guilt in stating that this was "the second time we've had this." Because the record does not affirmatively show that trial counsel failed to prepare for the hearing or that evidence existed favorable to Arceneaux that could have been presented in a motion for new trial, the silent record does not overcome the strong presumption of reasonable assistance.

*See Goodspeed*, 187 S.W.3d at 392. This opinion does not preclude Arceneaux from "resubmit[ting] his claim via an application for writ of habeas corpus" which also would afford trial counsel an opportunity to explain his actions. *Thompson*, 9 S.W.3d at 814-15.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH