ACCEPTED
06-14-00158-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/23/2014 2:43:37 PM
DEBBIE AUTREY
CLERK

## NO. 06-14-00158-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/30/2014 2:51:00 PM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS

SIXTH DISTRICT

AT TEXARKANA, TEXAS

---

SEMAJ MILAN YRNAH SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

APPEAL IN CAUSE NUMBER CR1300648

IN THE COUNTY COURT AT LAW NO. 2

OF HUNT COUNTY, TEXAS

---

BRIEF FOR APPELLANT

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Counsel for Appellant and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure.

## IDENTITY OF PARTIES AND COUNSEL

**Appellate Attorney:**
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403

**Appellant's Trial Attorney:**
Steve Shipp
4000 Wesley St., Suite E
P.O. box 35
Greenville, TX  75403-0035

**Appellee:**
The State of Texas by and through
Joel D. Littlefield
Joseph T. O'Neill
Hunt County Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# **TABLE OF CONTENTS**

Identity of the Parties and Counsel ............................................................. 2

Table of Contents ...................................................................................... 3

Index of Authorities .................................................................................... 4

Statement of the Case ............................................................................... 5

Statement of the Facts............................................................................... 6

Issues and Authorities................................................................................ 8

      **Ineffective Assistance of Counsel**..................................................... 8

Conclusion and Prayer for relief................................................................ 14

Certificate of compliance of typeface and Word Count............................. 15

Certificate of Service................................................................................. 16

# INDEX OF AUTHORITIES

**FEDERAL CASE:**

*Strickland v. Washington*, 466 U.S. 668 (1984)...........................................8

**STATE CASES:**

*Ake v. Oklahoma*, 470 U.S. 68, (1985).....................................................10

*Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979) .......................9

*Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984) ..................8

*Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) ...................9

*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ............8

*Hall v. State*, 161 S.W.3d 142,  (Tex. App.—Texarkana 2005, pet. ref'd

*Rey v. State*, 897 S.W.2d 333, 338 (Tex.Cr.App.1995)............................10

*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).................8

*Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000) .......................9

*Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002) .........8

## STATEMENT OF THE CASE

This is an appeal of the judgment and sentence in a criminal case for the County Court at Law Number 2, in Hunt County, Texas. Appellant Plead Guilty and signed a Judicial confession of the crime of Possession of Marijuana, Less than Two Ounces on October 23, 2013. The court assessed Appellant a sentence of imprisonment for On Hundred Eighty (180) days in the Hunt County Jail but suspended that sentence and placed Appellant on Community Supervision for 12 Months on October 23, 2013. After the state filed a Motion to Revoke and Appellant plead true to the allegations in that motion. The trial court sentenced Appellant to 180 days confinement in the Hunt County Jail

Notice of appeal was given on August 29, 2014 in the trial court. The reporter's record was filed on October 2, 2014.

## STATEMENT OF THE FACTS

Appellant was originally plead guilty in this cause to Possession of

Marijuana; Less than two ounces on October 23, 2013. (CR Vol. 1 p. 35).

At that time the trial court sentenced Appellant to 180 days in the Hunt

County Jail but suspended that confinement and placed Appellant under

Community Supervision for a period of 12 months. (CR Vol. 1 p. 35).

As conditions of his community supervision Appellant was required to

do the following among others:

Pay Court Costs in the amount of $297.00,
Pay a fine in the amount of $750.00,
Pay Attorney Fees in the amount of $650.00,
Pay $60.00 per month to the Hunt County Community Supervision
and Corrections Department ,
Perform 60.00 hours of community service at a rate of 10 hours a
month,
Complete a Drug Offender Program within 180 days of the date he
was placed on probation, and
Abstain from the use of narcotic or habit forming drugs without a
doctor's permission.


(CR Vol. p. 36)

Yet, the Judgment placing Appellant on Community Supervision

lacks the specificity that Appellant should pay the court costs, Attorney's

fees and fine. In section 10 of that judgment the total amount to be paid,

the payment amount, the date when payments are to be made and day which payments thereafter are to be made are left blank. (CR Vol. 1 p.36).

At the punishment portion of the Motion to revoke hearing Appellant Testified that although he gained employment he could only break even with his bills. (RR Vol. 1 p.8). Appellant further testified that all three of his children live with him and his mother. Before he had obtained employment he could not complete a drug offender program because he had to watch his children. (RR Vol. 1 p.13). Then when he started working his hours were from 7:00 to 7:00, and Sunday to Sunday. (RR Vol. 1 p.9). Appellant stated to the court that now his work has increased he will be able to pay for his drug classes and fines. (RR Vol. 1 p9-10).

When asked by the attorney for the State if Appellant though it was okay to use marijuana and cocaine multiple times while on probation, appellant replied no. (RR Vol. 1 p. 14)

## ISSUES AND AUTHORITIES

### Ineffective Assistance of Counsel

Any allegation of ineffectiveness of counsel must be firmly founded in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), aff'd, 106 S.W.3d 103 (Tex. Crim. App. 2003). Appellant bears the burden of proving that counsel was ineffective by a preponderance of the evidence. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). A reviewing court will rarely be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of the claim involving ineffective assistance claims. *Thompson*, 9 S.W.3d at 813. Granted, "[i]n the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. Id. at 813–14.

Nonetheless the two-pronged Strickland test handed down by the United States Supreme Court to determines whether Defendant received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984).

First, Defendant must show that counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms. *Strickland*, at 687–88. It is true, that here is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Id.* at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, courts will not second-guess the strategy of trial counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd).

Second, *Strickland's* prejudice prong requires a showing that but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, meaning that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Smith*, 286 S.W.3d at 340. Strickland requires the applicant to establish, by a preponderance of the evidence, that the harm resulting from trial counsel's deficiency undermines the confidence in the trial's outcome. *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013).

## Ineffectiveness through Failure to Obtain an Expert

In *Ake v. Oklahoma*, 470 U.S. 68, (1985), the United States Supreme Court explained that due process requires access to the raw materials integral to the building of an effective defense. Id. at 77. Morevoer the State must provide a defendant with the basic tools to present his defense within our adversarial system. Id. While the Ake case dealt with the appointment of a psychiatrist, Ake requires the appointment of an expert regardless of his field of expertise. *Rey v. State*, 897 S.W.2d 333, 338 (Tex.Cr.App.1995).

As the Court set out in *Rey*: "There is no principled way to distinguish between psychiatric and nonpsychiatric experts. The question in each case must be not what field of expert knowledge is involved, but rather how important the scientific issue is in the case, and how much help a defense expert could have given." *Rey* at 338. Hence, the nature of an expert's field and the importance and complexity of the issue will bear directly upon whether the appointment of an expert will be helpful. *Id*. The type of expert is also relevant to the determination of whether the trial was fundamentally unfair without the expert's assistance. *Id.*

However, this does not mean that the State must "purchase for an indigent defendant all the assistance that his wealthier counterparts might

buy." *Ake*, supra. Nor does it mean that a defendant has a constitutional right to choose an expert of his personal liking. *Ake*, supra; *Cantu v. State*, 939 S.W.2d 627, 638-639 (Tex.Cr.App.1997). Rather, the purpose of the appointment is to level the playing field; to give a defendant access to a competent expert who can assist in the evaluation, preparation, and presentation of the defense. *Rey*, at 337.

In a case such as this, Appellant can find no prevailing professional norm that would justify not obtaining an expert to counter the State's contention that Appellant used drugs by examining the validity of the test. Moreover no sound trial strategy could justify the lack of a defense expert as in this case where Appellant states that he did not think it was ok to use marijuana and cocaine multiple times while on probation. (RR Vol. 1 p.14).

Trial counsel's deficiency undermines the confidence in the trial's outcome by a preponderance of the evidence because the lack of an expert to counter the state's created a completely unlevelled playing field in favor of the state. Therefore Appellant was given effective assistance of counsel.

**Ineffectiveness through Failure to object revocation base on paragraph one.**

In the States "Second Amended Motion for Revoke Community Supervision" they allege:

"Said Defendant failed to pay all Court Cost in the amount of $297.00. Fine in the amount of $750.00 and Attorney Fees in the amount of $650.00 to the Hunt County Community Supervision and Corrections Department at the combined monthly rate of $277.00 per month with the first said payment being due on or before the 7th day of November 2013 with like payments being due on or before the same date each month thereafter for the months of November, December 2013, January, February, March and April 2014 and is currently delinquent in the amount of $360.00;"  (CR Vol. 1 p. 36)

But because the actual order does not specify those date certain terms, Appellant cannot be in violation of them.  (CR Vol. 1 p. 60). Appellant, by the terms of the Judgment setting out the terms of community supervision still could have paid his fees and be in compliance with the order.  Thus, trial counsel clearly failed to advise his client not to plead true to that allegation which had a reasonable probability to undermine the outcome.

### *Strickland's* prejudice prong

But for trial counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different.  The trial court exclaimed that "throughout this entire probation it appears that you just didn't take it seriously at all."  (RR Vol. 1 p.19).  The court further

12

explained that the probation office will not file a probation revocation if you're too poor to pay...I am not going to make you serve that time as long as you abide by the terms and conditions of probation. And you've failed that in every way."

The trial court's statement was an unambiguous indication that had defendant complied with some of the terms of his probation, a lesser sentence would have been likely. Therefore if it not for trial counsel's error on the countering the drug allegation or the ambiguous fee order, or both the trial court would have not sent Appellant to jail or would have sentenced him to something less than the maximum.

## PRAYER FOR RELIEF

Wherefore, premises considered, Appellant respectfully prays that his revocation of community supervision in the above entitled and numbered cause be reversed and remanded for a new hearing. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,


   /s/ Jason A. Duff_____
Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX 75403

Attorney for the Appellant

**CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT**

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 1,569, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.


_____/s/ Jason A. Duff_____

Jason A. Duff
Attorney for the Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Sixth Court of Appeals, Texarkana, Texas and to Hunt County Attorney Joel D. Littlefield, on this the 23rd day of December, 2014, by Electronic Filing and Service.


___*/s/ Jason A. Duff*_____
Jason A. Duff
Attorney for the Appellant