

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00498-CR

Benjamin **ELIAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 427052
Honorable Scott Roberts, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:   June 3, 2015

AFFIRMED

Following a single car accident, Appellant Benjamin Elias was arrested for driving while intoxicated. The jury returned a verdict of guilty and the trial court assessed punishment at six months' confinement in the Bexar County Jail and a $2,000.00 fine. In his sole issue on appeal, Elias contends he received ineffective assistance of counsel based on trial counsel's failure to pursue a pre-trial motion to suppress. We affirm the trial court's judgment.

## INEFFECTIVE ASSISTANCE OF COUNSEL

**A.      Standard of Review**

In order to establish that trial counsel rendered ineffective assistance, Elias must "establish two components by a preponderance of the evidence: deficient performance of trial counsel and harm resulting from that deficiency that is sufficient to undermine the confidence in the outcome of the trial." *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *accord Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). To establish the first prong, deficient performance, Elias must prove that his attorney's performance "'fell below an objective standard of reasonableness' under prevailing professional norms and according to the necessity of the case." *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 687–88). To establish harm, Elias "must demonstrate that he was prejudiced by his attorney's performance or that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 158 (citations omitted) (quoting *Strickland*, 466 U.S. at 694).

"An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id*. Therefore, Elias "'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 689).

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel."

*Id*. at 813–14. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

In the absence of a developed record, we will not "speculate as to the reasons why trial counsel acted as he did, rather [we] must presume that the actions were taken as part of a strategic plan for representing the client." *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd). Moreover, an "appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

**B.      Arguments of the Parties**

Elias contends that his trial counsel committed unprofessional errors by failing to pursue a pretrial motion to suppress evidence obtained from an allegedly illegal arrest, based on the officer's erroneous and unreasonable belief that Elias was intoxicated at the scene of the accident.

The State counters that Elias failed to establish that counsel's performance was deficient or that there is a reasonable probability the motion to suppress would have been granted.

**C.      Analysis**

At the onset, we note that "[t]he failure to file pre-trial motions is not categorically deemed ineffective assistance of counsel because trial counsel may decide not to file pre-trial motions as part of his trial strategy." *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd); *see also Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (reiterating trial "[c]ounsel is not required to engage in the filing of futile motions"). Rather, to satisfy the *Strickland* test and prevail on an ineffective assistance claim premised on counsel's failure to file a motion to suppress, Elias was required to show, by a preponderance of the evidence, that the

motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *accord Carmen v. State*, 358 S.W.3d 285, 295 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). This requirement includes producing sufficient evidence to defeat the presumption of proper police conduct. *Jackson*, 973 S.W.2d at 957; *accord Carmen*, 358 S.W.3d at 295.

We therefore turn to an analysis of the record.

*1.      Testimony at Trial*

The jury heard two days of testimony from multiple witnesses, including three different police officers.

San Antonio Police Officer Matthew Flores testified that he came across the scene of the accident at approximately 3:30 in the morning on May 24, 2013. Officer Flores noted significant damage to the vehicle, but Elias did not appear to be injured. According to Officer Flores, there were no other vehicles in the vicinity and no other individuals at the scene.

Officer Gary Nel testified that he drove up shortly after the accident and Elias's vehicle was blocking oncoming lanes of traffic. Officer Nel did not see Elias drive the vehicle, but he did "[observe Elias] walking from the driver's side door towards the barrier on the right-hand side [of the vehicle]." Officer Nel did not see any other individuals or vehicles at the scene and Elias did not mention any people involved in the accident. Additionally, Officer Nel testified that an arrogant Elias reported he was run off the road by another vehicle, but Elias could not provide either a make, model, or color of the other vehicle.

The next officer called to testify was Officer Chad Bendele. Officer Bendele testified that he was called to the accident scene based on Officer's Nel's suspicion of Elias's ingestion of intoxicants. Officer Bendele reported Elias was very confused as to his location, where he had been, and where he was headed. After several questions, Elias acknowledged spending the last

several hours at the Thirsty Horse Bar. Elias, however, did not know how much he had consumed. Officer Bendele testified that Elias had a strong odor of intoxicants, slurred speech, and bloodshot, glassy eyes.

Officer Bendele explained to Elias his right to refuse the field sobriety tests, but Elias was cooperative and agreed to perform the tests. Officer Bendele testified that Elias exceeded the allowable markers on the horizontal gaze nystagmus, the walk and turn test, and the one-leg stand. He also testified that Elias agreed to provide a breath specimen. This test was later interpreted by State's witness Debbie Stephens—who testified Elias's first specimen registered a blood alcohol concentration of 0.14 and his second registered a 0.129.

### 2.     *Alleged Defects by Defense Counsel*

Elias points to trial counsel's failure to pursue a pretrial motion. Our analysis, however, is conducted based on a review of the entire record. *See Thompson*, 9 S.W.3d at 813. The record reflects that defense counsel conducted extensive voir dire and cross-examination of all the witnesses during two days of trial. Elias's complaints about the video and lack of physical evidence were all addressed during the cross-examinations.

In a hearing on a motion to suppress, "the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Therefore, just like the jury, the trial court could have reasonably resolved the conflicting testimony in favor of the State. *See id*. at 855–56. Elias therefore failed to show the motion to suppress would have been granted. The fact that other counsel may have tried the case differently does not show ineffective assistance. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

This court is bound by the strong presumption that defense counsel's conduct was reasonable and professional and could be considered sound trial strategy. *Id*. Trial counsel's

reasons for not pursuing the motion to suppress are not firmly founded in the record and we will not engage in retrospective speculation. *Id.* at 835; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (holding appellate court will not indulge in speculation concerning trial counsel's decision-making process); *see also Ex parte Moore*, 395 S.W.3d at 157. We presume that trial counsel exercised reasonable professional judgment in exercising a decision not to pursue a pretrial motion to suppress, and we do not speculate as to counsel's reason for that decision. *See Crawford v. State*, 355 S.W.3d 193, 199 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (involving an ineffective assistance of counsel claim for failure to file a pretrial motion to suppress evidence related to officer's traffic stop).

### CONCLUSION

Upon review of the entire record, we conclude Elias failed to affirmatively demonstrate his ineffective assistance of counsel claim. *Ex parte Moore*, 395 S.W.3d at 157; *Menefield*, 363 S.W.3d at 592; *Jackson*, 973 S.W.2d at 957; *accord Carmen*, 358 S.W.3d at 295. More specifically, Elias failed to demonstrate that a motion to suppress would have been successful. Likewise, given that the officer's testimony supports reasonable suspicion for making the arrest, Elias failed to demonstrate that the outcome of trial probably would have been different had his trial counsel pursued a motion to suppress. *See Carmen*, 358 S.W.3d at 295.

Because we conclude that Elias failed to show counsel's performance was deficient, we need not address prejudice. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Accordingly, we overrule Elias's claim of ineffective assistance of counsel.

Patricia O. Alvarez, Justice

DO NOT PUBLISH