

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00186-CR

DARRIAN DE'ANTHONY DAVIS-SANDERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-12-24246

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Darrian De'Anthony Davis-Sanders pled guilty to delivery of less than one gram of cocaine within a school zone. Pursuant to a negotiated plea agreement, the trial court deferred a finding of guilt, placed Davis-Sanders on community supervision for a ten-year period, and ordered him to pay $140.00 in restitution. Subsequently, the State alleged that Davis-Sanders violated the terms and conditions of his community supervision by possessing methamphetamine and a firearm and moved the trial court to adjudicate his guilt. Finding the State's allegations "true," the trial court revoked Davis-Sanders' community supervision, adjudged him guilty of the underlying offense, and sentenced him to ten years' imprisonment. On appeal from the judgment adjudicating his guilt,[1] Davis-Sanders argues that his counsel rendered ineffective assistance by failing to question the legality of the search that led police officers to the discovery of the methamphetamine and firearm. We disagree.

"Ineffective assistance of counsel claims are evaluated under the two-part test formulated in *Strickland*, requiring a showing of both deficient performance and prejudice." *Johnson v. State*, 432 S.W.3d 552, 555 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd)). "To prevail on his

[1]In our cause numbers 06-14-00187-CR, 06-14-00188-CR, and 06-14-00189-CR, Davis-Sanders also appeals from (1) a judgment adjudicating him guilty of delivery of less than one gram of cocaine within a school zone, sentencing him to ten years' imprisonment, and ordering him to pay $102.00 in restitution; (2) a judgment adjudicating him guilty of possession with intent to deliver four or more grams, but less than 200 grams of cocaine within a school zone, sentencing him to sixty years' imprisonment, and ordering him to pay a $1,450.00 fine; and (3) a judgment adjudicating him guilty of delivery of less than one gram of cocaine within a school zone, sentencing him to ten years' imprisonment, and ordering him to pay $140.00 in restitution.

ineffective assistance claims, [Davis-Sanders] must prove by a preponderance of the evidence that (1) his counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). A *Strickland* claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011). "Failure to satisfy either prong of the *Strickland* test is fatal." *Johnson*, 432 S.W.3d at 555 (citing *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006)). Thus, we need not examine both *Strickland* prongs if one cannot be met. *Id.*

As for the first *Strickland* prong, "[w]e indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and that it was motivated by sound trial strategy." *Id.* (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)). "'If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal.'" *Id.* (quoting *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002)). "Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of ineffective assistance claims." *Id.* (citing *Thompson*, 9 S.W.3d at 813). "'In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect' the reasoning of trial counsel." *Id.* (quoting *Thompson*, 9 S.W.3d at 813–14). "Only in the rare case 'in which trial counsel's ineffectiveness is apparent from the record, may

3

the appellate court 'address and dispose of the claim on direct appeal.'" *Id.* (quoting *Lopez*, 343 S.W.3d at 143).

At the hearing on the motion to adjudicate guilt, Gary Van, an officer with the Garland Police Department, testified that he drove to a motel known for high drug activity and prostitution based on two separate tips from informants that two black males holding handguns were selling methamphetamine in the parking lot. From the motel owner, Van learned that a room was recently rented by Brittany Guignard. Guignard had outstanding warrants for her arrest.

After backup arrived, Van knocked on the door of Guignard's room and watched as Davis-Sanders, who matched the description of one of the methamphetamine sellers, peeked out from the blinds. Van testified that when Guignard opened the door, he immediately smelled "a lot of" marihuana smoke and saw marihuana on the table. Van noticed that Davis-Sanders was no longer in the bedroom and "[h]eard some rustling around inside the bathroom," which made Van "[f]ear[] that some drugs were being disposed of at the time." After Guignard advised Van that she had a firearm, officers conducted a protective sweep of the room.

As a result of the protective sweep, Van located another male and female who were hiding underneath a pile of clothing. As he exited the bathroom, Van "for [officer] safety" asked Davis-Sanders whether he had a firearm. According to Van, Davis-Sanders pointed to a backpack, claimed it as his, and stated that his handgun was in the large compartment of the backpack. Van found the loaded handgun and testified that underneath the handgun, "in plain view . . . there was a clear white plastic baggy that contained a crystal-like substance which [he] recognized from [his]

4

training and experience to be methamphetamine."[2] At that point, Van searched the other compartments of the backpack and located other bags containing methamphetamine, empty plastic bags, scales, and a list of ingredients used to make methamphetamine.

Davis-Sanders argues that his trial counsel was ineffective because he failed to file a motion to suppress the evidence found during the search of the backpack. Yet, nothing in the record explains why trial counsel declined to file such a motion. Counsel could have determined the motion to be pointless if he had knowledge that the confidential informants, or even co-defendants, were willing to testify, if necessary, that they saw Davis-Sanders possessing a firearm and selling methamphetamine in the parking lot. Counsel could have concluded that (1) as a non-registered guest in the motel room, Davis-Sanders had no expectation of privacy, and, thus, could not complain about the entry and search of Guignard's room, or (2) Van had a right to enter the room to arrest Guignard on her outstanding warrants. *See generally Ex parte Moore*, 395 S.W.3d 152 (Tex. Crim. App. 2013); *see Green v. State*, 78 S.W.3d 604, 611 (Tex. App.—Fort Worth 2002, no pet.). Counsel also could have determined that it would not be an abuse of discretion for the trial court to find that Van legally searched the backpack given the facts of this case, including Van's immediate sighting of the marihuana, the presence of a lot of marihuana smoke, his belief that Davis-Sanders was disposing of contraband, the informant's tips that a person matching Davis-Sanders' physical description was armed and selling methamphetamine, and Davis-Sanders' actions in directing Van to the backpack.

---

[2]Brooke Harrison, a forensic scientist with the Texas Department of Public Safety, testified that she tested the substance and determined that it was methamphetamine.

The Texas Court of Criminal Appeals has said that "[t]rial counsel 'should ordinarily be afforded an opportunity to explain his actions' before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed*, 187 S.W.3d at 392). Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson*, 9 S.W.3d at 814. We find that Davis-Sanders has failed to meet the first *Strickland* prong. Accordingly, we overrule his sole point of error.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     July 22, 2015
Date Decided:       August 4, 2015

Do Not Publish