

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00439-CR

JESUS LOPEZ RAYMUNDO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court No. 006-87832-2013; Honorable Jay A. Bender, Presiding

August 21, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Jesus Lopez Raymundo, was convicted of the offense of driving while intoxicated[1] and sentenced to 90 days confinement in the Collin County Jail. The term of confinement was suspended, and appellant was placed on community supervision for 15 months and ordered to pay a fine of $800. Appellant contends that the trial court erred by admitting statements made during custodial interrogation into evidence when he had not been properly warned pursuant to article 38.22 of the Texas Code of

---

[1] See TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014).

Criminal Procedure. Agreeing with appellant, we will reverse the judgment of conviction.

Factual and Procedural Background

The facts that led up to appellant's arrest and subsequent conviction are not significantly disputed by the parties. They reflect that, at approximately 4:00 a.m. on September 12, 2013, Deputy Rodney Redwine of the Collin County Sheriff's Office was dispatched to FM 2933 regarding a possible one vehicle accident. Upon arriving at the scene, Redwine observed a black GMC pickup that was stopped along the shoulder of the roadway. Upon further investigation, Redwine observed appellant either asleep or passed out behind the steering wheel of the pickup. When Redwine first observed the pickup, the engine was running. Redwine attempted to awaken appellant and, when finally successful, appellant apparently took his foot off of the brake and the vehicle started forward. Redwine got appellant to put his foot back on the brake pedal and then Redwine reached in and turned the truck's ignition off and removed the key.

Redwine testified that as soon as he started speaking to appellant, he noticed an odor of alcohol emanating from appellant's breath. Appellant was ordered out of the vehicle and, after having difficulty standing, appellant was handcuffed.

Redwine escorted appellant to the rear of his truck and placed appellant on the tailgate while Redwine repositioned his vehicle in order to capture field sobriety tests on video. Prior to repositioning his patrol vehicle, Redwine had begun to ask questions of appellant. According to the record, when Redwine was repositioning his vehicle, he ordered a wrecker to come and tow appellant's pickup. After repositioning the vehicle,

2

Redwine came back to appellant and made the decision that appellant could not perform any field sobriety tests. However, Redwine did proceed to ask additional questions of appellant.

The questions ranged from the innocuous, such as what day is it and where are you currently, to incriminating questions, such as whether appellant had been drinking and, if so, how much appellant had to drink. After appellant answered these questions, Redwine advised him that he was under arrest and placed him in the back of the patrol car to be taken to the Collin County Jail. At the jail, appellant was offered a breath test, which he refused. Appellant was booked into jail on a charge of driving while intoxicated.

At the beginning of trial, appellant's trial counsel advised the trial court that he was going to object to the introduction of the video from appellant's arrest because it contained statements made by appellant as a result of custodial interrogation when appellant had not been given his article 38.22 statutory warnings. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West Supp. 2014).

The trial court viewed the recording prior to beginning testimony. The trial judge took the matter under advisement at that time. During his testimony, Redwine stated that he handcuffed appellant for "officer safety" reasons. After Redwine had testified up to the point of repositioning his vehicle and was beginning to ask questions of appellant, the trial court stopped the proceeding and withdrew the jury from the courtroom. The trial court then overruled appellant's objections regarding statements recorded by Redwine. The jury subsequently convicted appellant of driving while intoxicated.

Appellant brings forth a single issue. He contends the trial court erred in admitting the oral statements he made while in custody because he did not receive the statutory warnings required by article 38.22 of the Texas Code of Criminal Procedure.

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). At the suppression hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Ex parte Moore*, 395 S.W.3d 152, 158 (Tex. Crim. App. 2013). As an appellate court, we view the record of the hearing on the motion in the light most favorable to the trial court's ruling and must sustain the ruling if it is reasonably supported by the record. *Id.* Where, as in this instance, there are no filed findings of fact concerning its ruling on a motion to suppress, we assume that the court made implicit findings that support its ruling, provided that those implied findings are supported by the record. *Id.* However, the ultimate legal conclusion of whether an individual was in custody requires an appellate court to take the facts, as assessed for weight and credibility by the trial court, and then make a legal determination as to whether those facts amount to custody under the law. *See State v. Saenz,* 411 S.W.3d 488, 496 (Tex. Crim. App. 2013).

## Applicable Law

Section 3(a)(2) of article 38.22 of the Texas Code of Criminal Procedure prohibits admission of a statement made during custodial interrogation unless, "prior to the statement but during the recording the accused is given the warning in Subsection (a) of

4

Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(2). Subsection (a) of Section 2 requires that, to use a statement that is the result of custodial interrogation, the following must be shown: (a) the accused, prior to making the statement, received from the person to whom the statement is made a warning that: (1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial; (2) any statement he makes may be used as evidence against him in court; (3) he has the right to have a lawyer present to advise him prior to and during any questioning; (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and (5) he has the right to terminate the interview at any time. TEX. CODE CRIM. PROC. ANN. art 38.22, § 2(a).

Whether Redwine's questioning of appellant violates the article 38.22 prohibition turns on the question of whether appellant was in custody. The Texas Court of Criminal Appeals has stated that when an individual's freedom of movement is restrained to the degree associated with formal arrest, a permissible detention will escalate into a formal arrest. *See Saenz,* 411 S.W.3d at 496 (citing *Stansbury v. California*, 511 U.S. 318, 114 S. Ct. 1526, 128 L. Ed. 2d 293 (1994)).

Analysis

The State contends that the standard of review is the abuse of discretion standard applied to a trial court's decision regarding the admissibility of evidence. While we agree that the abuse of discretion standard is correct, we apply that standard to a

5

denial of a motion to suppress as opposed to a simple admission of evidence fact pattern. *See Swain*, 181 S.W.3d at 365. The nature of this review is important because of the body of law that surrounds the issue of whether an individual was in custody at the time the incriminating statements were made. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(2).

The record demonstrates that appellant was almost immediately placed in handcuffs. The fact that appellant was handcuffed is not determinative of whether he was in custody. *See Balentine v. State*, 71 S.W.3d 763, 771 (Tex. Crim. App. 2002). However, it is one factor that we will consider in reviewing the factual circumstances surrounding the interrogation. *See Saenz,* 411 S.W.3d at 493 (citing *Thompson v. Keohane,* 516 U.S. 99, 112-13, 116 S. Ct. 457, 133 L. Ed. 2d 383 (1995)). Next, we note that the record is clear that Redwine immediately took the keys from appellant's vehicle. Again, this fact alone does not change this from a temporary detention to investigate a possible driving while intoxicated offense to an arrest. It is, however, indicative that appellant was not free to leave. After removing appellant from the vehicle and taking his keys, Redwine asked appellant some seemingly innocuous questions about where he was and what date it was. These questions did not elicit any incriminating facts regarding the offense of driving while intoxicated.

After seating appellant on the tailgate of his truck, Redwine went to reposition his patrol car to be able to videotape the administration of field sobriety tests to appellant. While doing so, Redwine called a wrecker to come and tow appellant's vehicle. At that point in time, appellant was physically restrained (handcuffed), could not leave the scene (Redwine had his keys), and Redwine had decided to arrest appellant as

6

evidenced by his decision to call the wrecker to tow appellant's vehicle. Taken together, these facts demonstrate a degree of restriction on freedom of movement that a reasonable person would associate with arrest. *See Saenz,* 411 S.W.3d at 496.

The timing of the confluence of these facts is important in our consideration of this case because, upon coming back from repositioning his patrol vehicle, Redwine asked a series of questions that can only be classified as incriminating. Specifically, Redwine asked appellant if he had been drinking that night. After receiving an affirmative answer, Redwine then asked appellant how much he had to drink. Upon receiving one answer to the question, Redwine asked again what appellant had been drinking and was informed that appellant had several shots of liquor before going to his vehicle. That such answers were incriminating to appellant in a driving while intoxicated case cannot be denied. After answering these questions, appellant was informed he was under arrest and was placed in the patrol car to be transported to the county jail. At no time did Redwine give appellant the statutory warnings required by article 38.22.

Because the totality of the facts reveal that appellant was denied any freedom to leave and, when gaged from an objective standpoint, was in custody, the questioning of appellant was custodial interrogation. *See Saenz,* 411 S.W.3d at 496. Therefore, to be admissible, such interrogation would have to be conducted under the guidelines of article 38.22. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(2). Inasmuch as there were no article 38.22 statutory warnings given to appellant prior to such interrogation, the trial court erred in denying appellant's motion to suppress.

## Harm Analysis

Appellant's issue regarding the introduction of his oral statements is couched in terms of a violation of article 38.22 of the Texas Code of Criminal Procedure. Therefore, we will review the question of harm pursuant to rule 44.2(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 44.2(b). Rule 44.2(b) applies to any error committed by the trial court other than constitutional error. *Id.* The rule instructs that any error that does not affect substantial rights must be disregarded. *Id.* A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *Hernandez v. State,* 114 S.W.3d 58, 65 (Tex. App.—Fort Worth 2003, pet. ref'd) (citing *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). Therefore, we must review the entire record in making this determination. *Id.*

The record before us demonstrates that the only direct evidence that appellant had consumed alcohol came from his answers to Redwine's questions, which occurred after he was in custody. That Redwine had concluded he had enough information to form an opinion that appellant was intoxicated prior to the questioning does not change the basic nature of the case. Without the answers to Redwine's questions, the State would have been left to rely on the naked opinion of Redwine. Under these circumstances, the questioning had a substantial and injurious effect or influence on the jury's verdict. *See id.* Accordingly, the trial court's error cannot be said to be harmless. *See* TEX. R. APP. P. 44.2(b).

Conclusion

Having sustained appellant's issue and found the error to be harmful, we reverse the judgment entered by the trial court and remand the case to the trial court for a new trial.

Mackey K. Hancock
Justice

Do not publish.