

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00274-CR

Perry Ellis **MAYFIELD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 11-07-10728-CR
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  August 26, 2015

AFFIRMED

Perry Ellis Mayfield was convicted of murder and sentenced to thirty years' imprisonment.

On appeal, Mayfield contends the State's failure to reveal certain facts constituted a *Brady*[1]

violation which also rendered his trial counsel ineffective.  Because we determine there was no

*Brady* violation, we overrule Mayfield's issues and affirm the trial court's judgment.

### BACKGROUND

Mayfield pled not guilty to the murder of Ramiro Carrera.  At trial, the State produced

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

evidence, through the testimony of several eyewitnesses, that Mayfield shot Carrera outside the home of his brother, Carlos Carrera. Mayfield himself testified at trial and admitted to shooting Ramiro Carrera, but claimed self-defense. The jury found Mayfield guilty of murder, thereby rejecting his self-defense claim. In a motion for new trial, Mayfield claimed a *Brady* violation because he first discovered at trial that Ramiro Gonzalez, by then the Chief of Police, had a close personal relationship with the victim's brother and his family, and was present at Carlos Carrera's home on the night of the shooting. Mayfield argued the State's failure to disclose this material impeachment evidence prevented his defense counsel from effectively representing him. Had his counsel known these facts before the first day of trial, Mayfield argues, counsel would have sought a change of venue, and appropriately tailored his voir dire and witness examination to those facts.[2] The State replied that Gonzalez was disclosed as a potential State's witness before trial, and that his presence at the home and relationship with the victim's brother do not constitute *Brad*y material requiring disclosure to the defense.

At the motion for new trial hearing, Gonzalez testified and admitted being a close, personal friend of the victim's brother, Carlos Carrera, and his family, and acknowledged being present, along with his wife and children, at Carlos's home for the birthday party of Dolores Carrera, Carlos's wife. Gonzalez stated he left the residence about the time the victim, Ramiro Carrera, arrived with a friend. Gonzalez testified that he received a call early the following morning advising him of the shooting. As then Assistant Police Chief, Gonzalez was in charge of the evidence vault and went to the police department to take custody of the gun and other physical evidence in the case. Gonzalez also prepared a report, which was admitted into evidence. Gonzalez indicated that he advised his boss, then Police Chief Eden Garcia, that he had been at

---

[2] In an affidavit attached to the motion for new trial, Mayfield's trial counsel stated that he would have taken those actions.

the residence earlier that evening, but left before the shooting. Several officers involved in the murder investigation were called to testify and acknowledged knowing that Gonzalez had been at the Carrera residence on the night of the shooting. Mayfield urged that none of the police reports reflected that fact, and argued that the State's failure to disclose Gonzalez's relationship with the victim's family and his presence at the Carrera home on the night of the shooting constituted a *Brady* violation which denied him a fair trial. The motion for new trial was denied.

### ANALYSIS

On appeal, Mayfield argues the State's failure to disclose the *Brady* information concerning Ramiro Gonzalez deprived him of due process and denied his counsel of the opportunity to seek a change of venue and to tailor his voir dire and cross-examination of the trial witnesses to those facts, thereby causing him to render ineffective assistance of counsel.

Under *Brady*, the State has a mandatory duty to disclose potentially exculpatory information to the defense. *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (the prosecution violates due process when it suppresses evidence in its possession favorable to an accused where the evidence is material to either guilt or innocence); *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). The duty to disclose encompasses impeachment evidence as well as exculpatory evidence. *Wyatt*, 23 S.W.3d at 27 (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)); *Johnston v. State*, 917 S.W.2d 135, 138 (Tex. App.—Fort Worth 1996, pet. ref'd) (*Brady* violation occurs when a prosecutor fails to disclose evidence that may impeach the credibility of a State's witness where the witness's credibility is material to the accused's guilt or innocence). The scope of the *Brady* rule extends beyond information in the possession of the individual prosecutor to include information possessed by law enforcement agencies and personnel involved in the investigation or other parts of the "prosecutorial team." *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999) ("In order to comply with *Brady*, therefore, 'the individual prosecutor has a duty to learn

of any favorable evidence known to the others acting on the government's behalf . . ., including the police.'") (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)). A *Brady* violation occurs if a prosecutor fails to disclose evidence, which is favorable to the defendant, and which creates a probability of a different outcome. *Wyatt*, 23 S.W.3d at 27; *Thomas v. State*, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992).

In evaluating whether a *Brady* violation occurred, it is first necessary to determine whether the withheld evidence was "material," i.e., whether there is "a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceeding would have been different." *Wyatt*, 23 S.W.3d at 27 (quoting *Bagley*, 473 U.S. at 682). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Wyatt*, 23 S.W.3d at 27. Our review of the record, including the motion for new trial hearing, reveals that Ramiro Gonzalez was not present at the time of the shooting and he did not testify at trial. Gonzalez's involvement in the case was limited to his role as custodian of the police evidence vault, and he only logged in evidence collected by other officers; he did not himself collect any evidence at the scene. As noted, the crux of the case was not whether Mayfield was the shooter, but rather whether his actions were justified by self-defense. There is nothing in the record to show a reasonable probability that the outcome of Mayfield's trial would have been different if the information about Gonzalez's relationship with the victim's brother and his presence at the Carrera residence hours before the shooting had been disclosed to Mayfield before trial. *See id.* We therefore conclude the withheld information was not material, and that no *Brady* violation occurred.

With respect to Mayfield's second issue, we similarly conclude that he has failed to establish that he received ineffective assistance because he has not shown that the information about Ramiro Gonzalez that the State withheld and/or his attorney failed to discover before trial was material to his defense. Moreover, even assuming that Mayfield's trial counsel was deficient

in some manner with respect to the information about Ramiro Gonzalez, Mayfield has not shown that he was prejudiced by his attorney's performance. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (the requisite proof of "prejudice" in an ineffective assistance claim is a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *see also Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (noting that *Strickland* requires the defendant to establish both prongs of an ineffective assistance claim, deficient performance and prejudice sufficient to undermine confidence in the outcome, by a preponderance of the evidence in order to prevail). Because failure to establish either prong of an ineffective assistance claim is dispositive of the issue, Mayfield cannot show that he received ineffective assistance of counsel. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

## CONCLUSION

Having overruled both of Mayfield's issues on appeal, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice

Do Not Publish