

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00553-CR

Frank **LARA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR1129
Honorable Ray Olivarri, Judge Presiding

Opinion by:   Jason Pulliam, Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Karen Angelini, Justice
              Jason Pulliam, Justice

Delivered and Filed:  December 30, 2015

AFFIRMED

A jury convicted Appellant Frank Lara of two counts of trafficking a child and two counts of compelling prostitution of a child, and the trial court sentenced Lara to four terms of life imprisonment.  On appeal, Lara contends he received ineffective assistance of counsel at trial.  The trial court's judgment is affirmed.

## PROCEDURAL BACKGROUND

Frank Lara was arrested on February 4, 2013, following an investigation conducted by the FBI Crimes Against Children Task Force.  Lara was initially indicted on May 6, 2013, but that

indictment was later dismissed. Lara was re-indicted on February 12, 2014, under a new cause number. The State alleged Lara committed two counts of trafficking a child, two counts of compelling prostitution of a child, and three counts of aggravated sexual assault of a child.

The case proceeded to trial on June 16, 2014. The State waived the three counts of aggravated sexual assault of a child and moved forward only on the first four counts in the indictment. The jury returned a guilty verdict on all four counts. Lara elected for the trial court to assess punishment, and the trial court sentenced Lara to four terms of life imprisonment, with the punishment for Count I to run consecutively to the punishments for Counts II, III, and IV. Lara subsequently perfected this appeal.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue on appeal, Lara argues he was denied effective assistance of trial counsel. Lara contends trial counsel's performance was deficient because trial counsel: (1) elicited testimony on cross-examination that Belen Mendoza was Lara's parole officer; (2) failed to timely object to the use of extraneous offenses as adoptive admissions; (3) failed to object to the State's leading questioning of witness M.P. on direct examination; (4) requested the admission of the entire data report compiled from the cellular phone found in Lara's possession at the time of his arrest; and (5) failed to timely object to Special Agent Fernando Gutierrez's speculation regarding the interpretation of text messages and electronic data. Pointing to these alleged instances of ineffectiveness, Lara also contends counsel's performance was cumulatively deficient.

To prevail on an ineffective-assistance-of-counsel claim, an appellant must prove, by a preponderance of the evidence that (1) counsel's performance was deficient, *i.e.*, counsel's assistance fell below an objective standard of reasonableness, and (2) he was prejudiced by counsel's deficient performance, *i.e.*, a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or prejudice defeats an appellant's ineffectiveness claim. *Thompson*, 9 S.W.3d at 813.

### *Deficient Performance*

When evaluating counsel's effectiveness, an appellate court looks to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. "It is all too tempting for a defendant to second-guess counsel's assistance after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. Therefore, an appellate court indulges a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813. Therefore, Lara "'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (quoting *Strickland*, 466 U.S. at 689).

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. In most instances, the record on direct appeal is undeveloped and does not adequately reflect the alleged failings of trial counsel. *Id.* at 813-14. In the absence of a developed record, an appellate court will not speculate as to the reasons trial counsel acted as he did. *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, no pet.). Rather, the appellate court presumes the actions were taken as part of a strategic plan for representing the client. *Id.* Moreover, an appellate court should not find deficient performance unless the complained-of conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

*Mendoza Cross-Examination Testimony*

Lara complains counsel elicited testimony from Mendoza on cross-examination that she was Lara's parole officer, which Lara contends opened the door for the State to introduce evidence of other crimes, wrongs, or acts. *See* TEX. R. EVID. 404(b). Lara specifically complains the jury learned Lara was placed on house arrest on May 7, 2012, and he was on super intensive supervision, the highest level of parole supervision, based on Lara's current and past offenses.

Although the reasons for counsel's conduct may not readily appear in the record, if there is at least a possibility the conduct could have been a part of legitimate trial strategy, an appellate court will generally defer to counsel's decisions. *See Ortiz v. State*, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002).

Lara did not file a motion for a new trial complaining of counsel's actions, and there was no corresponding hearing at which counsel's reasons for eliciting the complained-of testimony from Mendoza were made known. However, the record does support the existence of some trial strategy.

The record shows trial counsel expressed concern regarding media coverage of Lara's case and pointed out to the trial court that Lara being on house arrest and parole had already been made public through media reports. Additionally, through counsel's cross-examination of Mendoza, as well as through his later examination of Lara's mother, trial counsel reiterated the lack of internet access in Lara's residence. Further, although the jury learned Lara was on parole, Mendoza's testimony also revealed Lara was not on parole for a sex offense. During closing, counsel argued that because of the dates of Lara's incarceration, parole, and house arrest, Lara could not be linked to the victim or the phone associated with the offenses, as alleged by the State, prior to the date he was placed on house arrest.

Upon review of the record, this court concludes Lara failed to affirmatively demonstrate his ineffective assistance of counsel claim regarding trial counsel's cross-examination of Mendoza. *See Ex parte Moore*, 395 S.W.3d at 157. This court cannot say trial counsel did not engage in reasonable trial strategy. That other counsel may have tried the case differently does not show ineffective assistance. *See Ortiz*, 93 S.W.3d at 88-89; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To the contrary, this court is bound by the strong presumption that counsel's conduct was reasonable and professional and could be considered sound trial strategy. *Id*. Lara's claims are not firmly founded in the record, and this court will not engage in retrospective speculation. *Id*. at 835; *see also Ex parte Moore*, 395 S.W.3d at 157.

Thus, Lara's contention trial counsel was ineffective for eliciting the complained-of testimony during Mendoza's cross-examination is overruled.

### *Failure to Object*

Lara next complains trial counsel failed to timely object to the admission of extraneous offenses as adoptive admissions pursuant to TEX. R. EVID. 801(e)(2)(b).

When the State moved to admit extraneous offenses as adoptive admissions in the form of excerpts of data and text messages downloaded from a cellular phone that was in Lara's possession at the time of his arrest, the trial court asked trial counsel if he was prepared to argue against the evidence's admission. Trial counsel stated he was ready to argue against the admission of the evidence, but when the trial court queried whether counsel was prepared to offer case law supporting his position, counsel admitted he did not have case law available. Ultimately, the trial court admitted the evidence. The following day, counsel presented case law arguing against admission of the evidence, but it had already been admitted.

To succeed on an ineffectiveness claim regarding counsel's failure to object, an appellant must show the trial court would have committed error in overruling such an objection. *See Ex*

*parte White*, 160 S.W.3d 46, 53-54; *Brooks v. State*, 357 S.W.3d 777, 792 (Tex. App.—Houston [14th Dist.] 2011, pet ref'd). Although Lara argues trial counsel's actions were deficient, Lara presents no discussion regarding whether the trial court would have committed error in overruling a timely objection to the admission of the extraneous offenses as adoptive admissions. Thus, Lara has not met his burden of demonstrating deficient performance, and his contention trial counsel was ineffective for failing to object to the admission of the complained-of evidence is overruled.

*Remaining Claims of Ineffective Assistance*

Lara lists three additional complaints he describes as "Circumstantial Evidence of Deficient Performance." Lara contends trial counsel performed deficiently by: (1) failing to object to the State leading witness M.P. on direct examination; (2) requesting admission of the entire report of the electronic data extracted from the cellular phone found in Lara's possession at the time of his arrest; and (3) failing to object to Gutierrez's speculative testimony regarding the interpretation of text messages and electronic data. Lara also briefly mentions cumulatively deficient performance he contends led to ineffective assistance of counsel. Lara's brief, however, contains no additional discussion of the facts or reference to relevant authority with regard to these contentions.

Rule 38.1(i) of the Texas Rules of Appellate Procedure provides that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1. Although this court must construe briefing requirements liberally and reasonably, a party asserting error on appeal must put forth some specific argument and analysis showing the record and the law support his contentions. *See Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000). When an appellant fails to discuss the evidence supporting his claim or apply the law to the facts, he presents nothing for review. *See id*.

Thus, Rule 38.1(i) requires Lara to provide this court with a discussion of the facts and the authorities relied upon. *See* TEX. R. APP. P. 38.1. Lara fails to analyze his contentions as intended

by the rule. The brief, conclusory statements provided do not satisfy the briefing requirements of Rule 38.1. *See id.* Lara's argument on this issue is difficult to discern because the brief lists only the alleged instances of deficient performance and a brief mention of cumulatively deficient performance. The brief provides no argument or analysis pertaining to the complained-of ineffective assistance or cumulatively deficient performance.

From the brief, we cannot discern how trial counsel's actions constituted deficient performance. We therefore conclude Lara waived the final three contentions of ineffective assistance of counsel based upon his failure to comply with Rule 38.1(i).

### *Conclusion*

Having examined Lara's arguments concerning trial counsel's allegedly deficient performance this court concludes Lara failed to meet his burden of showing trial counsel's representation was deficient. In the absence of such a showing, Lara's claim of ineffective assistance of trial counsel must fail. *See Thompson*, 9 S.W.3d at 813 (noting that failure to make a showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim); *see also Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006) (the failure to satisfy either prong of the *Strickland* test is fatal).

Accordingly, Lara's sole issue on appeal is overruled.

### CONCLUSION

Based on the foregoing reasons, the trial court's judgment is affirmed.

Jason Pulliam, Justice

DO NOT PUBLISH