

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,817

### EX PARTE DARRON T. MOORE, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 2007-414,858-A IN THE 364TH DISTRICT COURT
### FROM LUBBOCK COUNTY

**HERVEY, J., delivered the opinion for a unanimous Court.**

**O P I N I O N**

Applicant was convicted of possession of a controlled substance and was

sentenced to ninety-nine years' imprisonment.  His conviction was upheld on direct

appeal.  *Moore v. State*, No. 07-09-0276-CR, 2010 Tex. App. LEXIS 3312 (Tex.

App.—Amarillo May 4, 2010) (memo. op., not designated for publication).  Applicant's

petition for discretionary review was denied by this Court.  Applicant now files this

application for writ of habeas corpus claiming that he was denied effective assistance of

trial counsel when trial counsel failed to preserve the issue of the validity of the search

warrant for appellate review. The trial court entered findings of fact and conclusions of law recommending that we deny relief. Relief is denied.

## BACKGROUND

Applicant was arrested on December 8, 2006, during the execution of a search warrant on Room 25 of the Sunset Motel located at 2305 Clovis Road, Lubbock, Texas. The search resulted in the seizure of cocaine base and marijuana. Applicant was indicted for the offense of possession with intent to deliver cocaine in an amount of between 4 and 200 grams.

The affidavit in support of the search warrant stated the following, in pertinent part:

> 6. The target of this investigation is a black male known as "Dizzy", who resides at 2305 Clovis Road, Room number 25, Lubbock, Lubbock County, Texas based on the information set forth herein below.
> * * *
> The Affiant believes the Confidential Source (CS), referred to in this affidavit to be truthful. The below listed CS's have provided information in the past that has proven to be true and correct, and the information provided has been corroborated through surveillance, record checks, and other law enforcement officers.
> Affiant has learned through his tenure as a DEA Task Force Officer in Lubbock, Texas, as a Lubbock Police Officer, through Confidential Sources, Sources of Information, and other law enforcement officers that "Dizzy" and "Nookie" are distributors of cocaine base in the Lubbock, Texas area. Within the past seventy-two hours, that above listed confidential informant has observed a quantity of cocaine base inside of the listed motel room. The confidential informant is able to recognize cocaine base and other controlled substances.
> The Above referenced confidential informant has given information in the past on at least five occasions that has been proven to be credible and reliable. Affiant believes the informant to be credible and reliable base[d] on the past performance of the confidential informant.

* * *

Based on information contained within this Affidavit, and based on my training, education, and experience, Affiant believes that "Dizzy" and "Nookie" are distributors of cocaine base in the Lubbock, Texas area and that "Dizzy" and "Nookie" utilize this building for the purpose of concealing his proceeds and cocaine base.

Due to these factors, Affiant asks for the issuance of a warrant that will authorize him to search said premises for potential contraband.

Applicant filed a motion to suppress alleging that all evidence obtained during the search of the motel room should be suppressed because the search violated his constitutional and statutory rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Article I, Section 9, of the Texas Constitution; and Article 38.23 of the Texas Code of Criminal Procedure. Specifically, Applicant argued that the search warrant used to obtain the evidence in the case was improper because (1) the search warrant affidavit did not reflect sufficient probable cause to justify the issuance of a search warrant because it lacked sufficient underlying circumstances to permit the conclusion that the contraband was at the location where it was claimed to be and failed to establish the credibility of the confidential informant; (2) the search warrant affidavit did not show probable cause sufficient to justify the issuance of the search warrant because there was no substantial basis for concluding that probable cause existed; (3) the information contained in the search warrant affidavit was stale; and (4) the issuing magistrate was misled by information in the affidavit that the affiant officer knew was false or would have known was false but for his reckless disregard for the truth.

At the pretrial hearing on the motion to suppress, the only witness to testify was Agent Dwayne Gerber, a Lubbock Police Department officer assigned to the Drug Enforcement Administration (DEA) Task Force. Gerber testified that he prepared the search warrant affidavit on December 8, 2006. He stated that the confidential informant, who he believed to be reliable, observed narcotics within the motel room within the preceding seventy-two hours and that Gerber used the information as support for his request for the issuance of a warrant. Gerber explained that the search warrant is based on the facts that are within the affidavit. He also acknowledged that "the only data that is specific with the exception of the room number and numerals and how the building looks, as far as facts and circumstances is that the confidential informant had been in there within 72 hours." Regarding the search executed in the motel room, Gerber stated that he seized the two bags of contraband from the toilet. $120 was also located in the room, but it was not seized.

The trial court denied the motion to suppress: "I do agree with [the State] that the affidavit is sufficient and the search warrant is valid based on that affidavit. So the motion to suppress is denied."

During the guilt phase of trial, a forensic chemist for the DEA testified about his analysis of the drugs found in the motel room during the execution of the search warrant. When the State offered that contraband into evidence, defense counsel stated, "No objection." After hearing all of the evidence, the jury found Applicant guilty of the

lesser-included offense of possession of cocaine in an amount of between 4 and 200 grams, and he was subsequently sentenced to ninety-nine years' imprisonment.[1]

On direct appeal, the Amarillo Court of Appeals upheld Applicant's conviction. *Moore*, 2010 Tex. App. LEXIS 3312. The court overruled Applicant's argument that "the trial court should have suppressed the evidence found as a result of execution of the search warrant" because Applicant waived any such complaint when he said "no objection" at the time the evidence was offered. *Id.* at *5. Applicant's petition for discretionary review was denied by this Court.

On October 25, 2011, Applicant filed this pro se application for writ of habeas corpus, in which he complains of two instances of alleged ineffective assistance of trial counsel. Applicant asserts that trial counsel was ineffective for not preserving for appellate review the denial of a motion to suppress.[2]

The State filed a response to Applicant's writ application, in which the State argued that prejudice had not been shown for two reasons. First, the State maintained that Applicant did not allege any facts establishing that he had a reasonable expectation of privacy in the motel room, so his claim should not be addressed on the merits. Second, the State argued that "[t]he search warrant affidavit supported issuance of a search

---

[1]Applicant pled "true" to the enhancement paragraph.

[2]Applicant's other claims were denied because they lacked merit. *Ex parte Moore*, No. AP-76,817, 2012 Tex. Crim. App. Unpub. LEXIS 599 (Tex. Crim. App. June 13, 2012) (not designated for publication).

warrant, given that the affidavit alleged sufficient, specific facts showing probable cause to believe that there were drugs located within the motel room."

Subsequently, trial counsel filed an affidavit. He stated, "It was not a matter of trial strategy when I did not object to the evidence that had been previously the subject of a Motion to Suppress. . . . I should have objected to preserve the error for appellate review." Trial counsel also stated, "I do believe the warrant to be invalid and hope that my client would not be punished further for my mistake."

Following receipt of the State's response and trial counsel's affidavit, the trial court entered findings of fact and conclusions of law, recommending that relief be denied because ineffective assistance of counsel had not been shown. The court found that counsel's performance was deficient because "[i]t was not a matter of trial strategy for trial counsel not to object to the evidence that had previously been the subject of a pretrial motion to suppress." However, the court determined that prejudice had not been shown. It explained that it had "denied the motion to suppress, rejecting the various legal challenges to the search warrant. The motion to suppress was properly denied because the search warrant affidavit supported issuance of a search warrant, in that the affidavit alleged sufficient, specific facts showing probable cause to believe that there were drugs then present within the motel room." Therefore, the trial court concluded that "[e]ven if the issue had been preserved for appellate review, it would have been denied by the appellate court because the denial of the motion to suppress did not constitute an abuse of

discretion."

The writ application and accompanying documents were received by this Court, and on June 13, 2012, we ordered this application to be filed and set for submission. *Ex parte Moore*, No. AP-76,817, 2012 Tex. Crim. App. Unpub. LEXIS 599 (Tex. Crim. App. June 13, 2012) (not designated for publication). Applicant's motion to expand the habeas record with objections was also granted. We ordered the parties to brief the following issue:

> Whether Applicant was denied effective assistance of trial counsel when counsel filed and argued, before trial, a motion to suppress evidence obtained from a search conducted pursuant to a warrant, which was denied, but failed to preserve the issue of the validity of the search warrant for appellate review. *See Strickland v. Washington*, 466 U.S. 668 (1984).

We hold that Applicant was not denied effective assistance of counsel. He has failed to show that he was prejudiced by his trial counsel's performance. Consequently, relief is denied.

## ANALYSIS

A defendant has a Sixth Amendment right to effective assistance of counsel. U.S. CONST. amend. VI. Ineffective assistance of counsel claims are cognizable on habeas review, and to determine whether to grant habeas relief for ineffective assistance of counsel, Texas courts apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ex parte Martinez*, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011); *Hernandez v. State*, 726 S.W.2d 53, 55-56 (Tex. Crim. App. 1986). *Strickland* requires

the applicant to establish two components by a preponderance of the evidence: deficient performance of trial counsel and harm resulting from that deficiency that is sufficient to undermine the confidence in the outcome of the trial. *Strickland*, 466 U.S. at 687.

## A. Performance

Under the first prong of *Strickland*, the applicant must show that his attorney's performance was deficient, meaning that it "fell below an objective standard of reasonableness" under prevailing professional norms and according to the necessity of the case. *Id*. at 687-88; *Ex parte Marrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (asking "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases"). The applicant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (quotations omitted).

We agree with the trial court's conclusion that Applicant has shown that his counsel's performance was deficient. At trial, defense counsel stated, "No objection" to the introduction of the evidence that was the subject of the suppression motion. "[W]hen the defendant affirmatively asserts during trial he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pre-trial ruling." *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). Therefore, the court of appeals correctly found that Appellant waived the complaints raised in the hearing on the motion to suppress when he stated, "No objection" when the

evidence was offered by the State. *See Moore*, 2010 Tex. App. LEXIS 3312, at *5.

Additionally, in his affidavit, trial counsel concedes that he had no trial strategy when he

said, "No objection" to the admission of the evidence and he should have objected to

preserve the error for appellate review. He also admits that he believed at the time and

continues to believe that Gerber's affidavit in support of the search warrant was not

sufficient and the evidence should have been suppressed. Accordingly, counsel's

performance fell below an objective standard of reasonableness.

### B. Prejudice

Under the second prong of *Strickland*, the applicant must demonstrate that he was

prejudiced by his attorney's performance or that "there is a reasonable probability[3] that,

but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Strickland*, 466 U.S. at 694. Consequently, to demonstrate harm in this case,

Applicant must show that he would likely have been successful on appeal had the issue

been properly preserved, that is, that the trial court's denial of Applicant's motion to

suppress was an abuse of discretion. *Jackson v. State*, 973 S.W.2d 954, 956-57 (Tex.

Crim. App. 1998); *see Martinez*, 330 S.W.3d at 901.

A trial court's ruling on a motion to suppress is reviewed for an abuse of

discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). At a hearing

on the motion, the trial court is the sole judge of the credibility of the witnesses and the

---

[3]"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

weight to be given their testimony. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). An appellate court must view the record of the hearing on the motion in the light most favorable to the trial court's ruling and must sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Villarreal*, 935 S.W.2d at 138. When the trial court does not file findings of fact concerning its ruling on a motion to suppress, we assume that the court made implicit findings that support its ruling, provided that those implied findings are supported by the record. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *see Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).

To evaluate the trial court's ruling on the motion to suppress, we must initially consider whether Applicant has standing to challenge the search of the motel room that resulted in the discovery of the cocaine for which he was prosecuted.[4] If he personally did not have a reasonable expectation of privacy in the motel room, then he cannot complain of an alleged violation of his Fourth Amendment rights resulting from that search. The State argued on direct appeal that Applicant did not establish his standing to complain about the search, and it renews the argument here.

The Fourth Amendment of the U.S. Constitution and Article I, Section 9, of the

---

[4]Though frequently expressed as whether the defendant has "standing" to challenge a search, "the better analysis forthrightly focuses on the extent of a particular defendant's rights under the Fourth Amendment, rather than on any theoretically separate, but invariably intertwined concept of standing." *Rakas v. Illinois*, 439 U.S. 128, 139 (1978).

Texas Constitution protect individuals from unreasonable searches and seizures. *Richardson v. State*, 865 S.W.2d 944, 948 (Tex. Crim. App. 1993). The rights secured by the Fourth Amendment and Article I, Section 9, are personal, and accordingly, an accused has standing to challenge the admission of evidence obtained by an "unlawful" search or seizure only if he had a legitimate expectation of privacy in the place invaded. *Rakas v. Illinois* 439 U.S. 128, 139, 143 (1978); *Richardson*, 865 S.W.2d at 948-49. The defendant who challenges a search has the burden of proving facts demonstrating a legitimate expectation of privacy. *Villarreal*, 935 S.W.2d at 138. He must show that he had a subjective expectation of privacy in the place invaded and that society is prepared to recognize that expectation of privacy as objectively reasonable. *Id*.; *see Smith v. Maryland*, 442 U.S. 735, 740 (1979).

In considering whether a defendant has demonstrated an objectively reasonable expectation of privacy, we examine the totality of the circumstances surrounding the search, including

> (1) whether the accused had a property or possessory interest in the place invaded; (2) whether he was legitimately in the place invaded; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, before the intrusion, he took normal precautions customarily taken by those seeking privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical notions of privacy.

*Granados v. State*, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002); *Villarreal*, 935 S.W.2d at 138. This is a non-exhaustive list of factors, and no one factor is dispositive. *Granados*,

85 S.W.3d at 223. "Although we defer to the trial court's factual findings and view them in the light most favorable to the prevailing party, we review the legal issue of standing *de novo*." *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004).

In *Stoner v. California*, 376 U.S. 483 (1964), the United States Supreme Court held that a registered guest in a hotel room, like a tenant of a house, is entitled to the constitutional protections against unreasonable searches and seizures.

In *Clapp v. State*, 639 S.W.2d 949 (Tex. Crim. App. 1982), this Court held that a guest in a hotel room rented by another did not have a reasonable expectation of privacy in that room. In that case, the police went to a hotel room registered to Susan Otts to execute an arrest warrant for Joel Hamm. Otts gave the police permission to search the suite for Hamm, and as one officer searched the suite, he encountered the appellant, Clapp. Clapp accompanied the officer as he searched the rest of the suite. One bedroom appeared to be unoccupied, but the bed in the second bedroom was unmade and Clapp's watch was on the dresser. While the officer was checking the second bedroom, he heard water running in the adjoining bathroom. Upon entering the adjoining bathroom, the officer saw two tinfoil packets, later determined to contain narcotics, swirling in the toilet bowl. The officer retrieved the packets and arrested Clapp for possession of amphetamine. This Court held that Clapp did not have standing to object to the search because the evidence showed that "he was merely a guest in Ott's motel room." *Id.* at 953.

Eight years later, in *Minnesota v. Olson*, 495 U.S. 91 (1990), the Supreme Court held that an overnight guest has a legitimate expectation of privacy in his host's home and implied the same for an overnight guest in another's hotel room. The Supreme Court explained,

> To hold that an overnight guest has a legitimate expectation of privacy in his host's home merely recognizes the everyday expectations of privacy that we all share. Staying overnight in another's home is a longstanding social custom that serves functions recognized as valuable by society. . . . although we may spend all day in public places, when we cannot sleep in our own home we seek out another private place to sleep, whether it be **a hotel room**, or the home of a friend. Society expects at least as much privacy in these places as in a telephone booth—"a temporarily private place whose momentary occupants' expectations of freedom from intrusion are recognized as reasonable."

*Id.* at 98-99 (citations omitted, emphasis added).

The following year, in *Villarreal v. State*, 935 S.W.2d 134, we declined to extend the protection afforded in *Minnesota v. Olson* to a more casual, temporary visitor. In *Villarreal*, the appellant was a guest in another individual's residence. A search of the residence resulted in the appellant's arrest for felony possession of marijuana and cocaine with intent to deliver. The record established that the appellant was in the residence for an hour or two to arrange a business transaction and that he left the residence and returned shortly after midnight, rushing inside to avoid arrest. There was no evidence that the appellant had clothes or other belongings in the room or any other evidence suggesting that the appellant intended to stay the evening. The court of appeals, in holding that appellant lacked standing to challenge the search, recognized that *Minnesota*

*v. Olson* held that an overnight guest had a legitimate expectation of privacy in the

residence in which he spent the night, but "decline[d] to extend this expectation to the

more casual visitor such as appellant." *Villarreal v. State*, 893 S.W.2d 559, 561 (Tex.

App.—Houston [1st Dist.] 1994). We affirmed the court of appeals's holding: "In our

view, American society is not willing to sanction as objectively reasonable the subjective

expectation of privacy of someone who is in a residence under the circumstances

presented in this case." *Villarreal*, 935 S.W.2d at 139.

Synthesizing this case law, it is clear that the rationale behind *Minnesota v. Olson*

compels the conclusion that overnight guests of a registered hotel guest share the

registered guest's reasonable expectation of privacy in the hotel room. However, whether

a temporary guest may share in the registered guest's reasonable expectation of privacy is

to be evaluated by the totality of the circumstances. This holding is consistent with the

holdings of other jurisdictions.[5] And, in *Rakas v. Illinois*, 439 U.S. 128, the Supreme

---

[5]*See, e.g., United States v. Baskin*, 424 F.3d 1, 3 (1st Cir. 2005) (holding that the defendant failed to establish that he had a reasonable expectation of privacy in a motel room that was registered to another person); *United States v. Vanaman*, 12 Fed. Appx. 222, 231 (6th Cir. 2001) (holding that the defendant lacked standing to challenge the search of a motel room when the room was not registered in his name and there was no evidence that he stayed there); *United States v. Sturgis*, 238 F.3d 956, 958-59 (8th Cir. 2001) (holding that defendant, who was visiting another's motel room for the purpose of distributing controlled substances, lacked a reasonable expectation of privacy in the motel room); *United States v. Gordon*, 168 F.3d 1222, 1226 (10th Cir. 1999) (recognizing that registered occupants of a hotel room and overnight guest of the registered occupants have standing to object to a search); *United States v. Wilson*, 36 F.3d 1298, 1303 (5th Cir. 1994) (holding that an overnight guest of hotel resident had standing to object to search of the hotel room); *United States v. Carr*, 939 F.2d 1442, 1446 (10th Cir. 1991) (holding that the defendant had no standing to object to search of hotel room absent evidence showing that he was an overnight guest of registered guest); *Rockett v. State*, 891 S.W.2d 366, 369-70 (Ark. 1995) (holding that defendant lacked standing to object to search when the room was registered

Court rejected the phrase "legitimately on premises" as too broad a gauge for measuring Fourth Amendment rights, illustrating its point by noting that the phrase would allow even a "casual visitor" invited into a home for a presumably brief stay to have standing. *Id.* at 142.

Turning to the case at hand, when viewed in the light most favorable to the trial court's ruling, the record of the hearing on the motion to suppress established only that Applicant was in the motel room at the time the search warrant was executed. The evidence does not show that Applicant's subjective expectation of privacy was one that society was prepared to recognize as objectively reasonable under the circumstances. This conclusion is grounded on the totality of the circumstances established by the evidence. There was no evidence that Applicant was the registered guest of the room or that he had any property or possessory interest in the room. Nor was there evidence that he had any personal belongings in the room or that he intended to stay overnight.

Because Applicant did not have a reasonable expectation of privacy in the motel

---

in another name and defendant failed to present any evidence that he spent more than a brief period in the room); *People v. Dumas*, 955 P.2d 60, 63 n.4 (Colo. 1998) (holding that defendant, who was the renter and occupant of the motel room at the time, had standing to challenge the search of the room); *State v. Gonzalez*, 85 P.3d 711, 714-15 (Kan. App. 2004) (holding that defendant had no reasonable expectation of privacy in motel room he occupied but which was registered in another occupant's name and there was no evidence that defendant was an overnight guest); *State v. McMillian*, 557 S.E.2d 138, 142-43 (N.C. Ct. App. 2001) (holding that absent evidence that defendant planned to stay overnight, he had no standing to object to search of hotel room registered to another person); *People v. Ali*, 517 N.Y.S.2d 216, 217-18 (N.Y. App. Div. 1987) (holding co-occupant with registered hotel guest shared reasonable expectation of privacy in hotel room); *Owens v. State*, 269 P.3d 1093, 1097-98 (Wyo. 2012) (holding that the defendant lacked standing to challenge the legality of search of friend's motel room).

room, he cannot complain of an alleged violation of his Fourth Amendment rights resulting from the search at issue, and the trial court did not abuse its discretion in denying Applicant's motion to suppress.  Therefore, Applicant has failed to demonstrate harm resulting from trial counsel's deficient performance because he has not shown that he would likely have been successful on appeal had the issue been properly preserved.

Relief is denied.

Delivered: April 10, 2013

Publish