**Opinion issued May 21, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00552-CR**

———————————

**IRIRIAN SALINAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 14**
**Harris County, Texas**
**Trial Court Case No. 1854915**

---

**MEMORANDUM OPINION**

Appellant Iririan Salinas pleaded guilty to possession of marihuana and appeals here, challenging (1) the trial court's denial of his motion to suppress evidence and (2) the evidence of probable cause to arrest him for possession of marihuana. We affirm.

## Background

Appellant was charged with misdemeanor possession of less than two ounces of marihuana, enhanced by a prior conviction for possession of marihuana. Appellant filed a pre-trial motion to suppress evidence, arguing that the "evidence seized in connection with this case, including but not limited to Marihuana, was seized without warrant, probable cause or other lawful authority in violation of" appellant's constitutional rights.

No hearing was held on the motion to suppress, which was decided by the trial court on competing affidavits. Appellant's affidavit in support of his motion to suppress averred:

> On October 4, 2012 at approximately 4 PM I was visiting with some friends at 15217 Buckle Ln., Houston, Texas 77060. I do not live at this location. While I was sitting in my vehicle at this location waiting on my friend a police patrol vehicle all of a sudden pulled in directly behind my vehicle blocking me in. They proceeded to get out of their vehicle with their guns drawn, ordered me to get out of my vehicle and quickly placed me in handcuffs. One of the officers entered the residence and came back out and told me that they had received a call from an unknown caller saying that a juvenile was being sexually assaulted at this location. There were not any juveniles at this location and the officers did not locate any.
>
> The officers did not inform me as to whether the unknown caller ever gave a description that was similar to my features and my attorney has informed me that the State's offense report does not contain any information regarding the suspect's description, no description of the juvenile, no description as to how the sexual assault was taking place and that the identity of the unknown caller remains unknown.

The officers then began to search the outside premises of the residence and located a small amount of marihuana on the front porch. The officers insisted that the marihuana was mine against my denials.

Officer R. Ramirez's affidavit stated the following, in relevant part, in support of the legality of the seizure of evidence:

I received training at the academy on controlled substances. When I was trained on marihuana, the instructor burned marihuana so that officers would have the necessary knowledge and skills to quickly determine the smell of marihuana. I have also been involved in the arrest of numerous possessions of marihuana cases. I have testified in 4 cases.

I am writing this affidavit in response to the Defendant's Motion to Suppress in Cause No. 1854915.

The facts are as follows:

On or about October 4, 2012, a male, IRIRIAN SALINAS . . . was arrested and charged for being in possession of marihuana.

My partner Officer Calhoun and I were dispatched to investigate a sexual assault of a juvenile. Pursuant to the call slip we were looking for a red truck at 15217 Buckle Houston, Texas located within Harris County, Texas. We were told that the juvenile was in or near the red truck at the same address.

We approached the address and noticed a red truck fitting the description from the call. I approached the vehicle on the driver's side of the truck. I saw the Defendant, IRIRIAN SALINAS, who fit the description of the suspect, sitting in the driver's side of the vehicle as I approached the vehicle.

I asked IRIRIAN SALINAS to step out of the truck, in order to make sure the juvenile was not in the truck bed or the back cabin. I smelled the strong smell of marihuana coming from IRIRIAN SALINAS and inside of the truck. IRIRIAN SALINAS got out of the truck and left the doors wide open.

I looked inside the vehicle from the drive way and I saw in plain view hanging from the visor a clear plastic bag of marihuana.

Due to my training and years of experience as a peace officer, I knew the substance to be marihuana.

I confiscated the marihuana and placed IRIRIAN SALINAS in handcuffs. Gave the marihuana to my partner, Officer Calhoun and then completed my investigation as to the sexual assault of the juvenile. No juvenile was found on the premises and concluded that that no sexual assault had occurred. IRIRIAN SALINAS was arrested for possession of marihuana.

The trial court denied the motion to suppress, appellant pleaded guilty, and the court certified his right to appeal "those matters that were raised by written motions filed and ruled on before trial."  TEX. R. APP. P. 25.2(2)(A).

## ISSUES ON APPEAL

Appellant raises the following two issues:

(1)  "Whether the trial court abused its discretion and erred in denying Defendant's pre-trial and trial Motions to Suppress Evidence and allowing evidence obtained during the arrest of appellant, Mr. Iririan Salinas, to be used against him in trial court."

(2)  "The evidence is insufficient to prove adequate probable cause for arrest of Appellant for knowing possession of marijuana."

## MOTION TO SUPPRESS

Appellant argues that the trial court erred in denying his motion to suppress the marihuana seized.  He notes that, based on Ramirez's affidavit, it is clear that "Ramirez failed to obtain any additional information or evidence to support the reliability of the anonymous tip."  Appellant complains that the "only information [Ramirez] was given was that a red vehicle was involved" and that "nothing within

4

the record indicate[s] any detailed description of either the vehicle or the Appellant were provided by the anonymous caller." Because Ramirez failed to obtain consent to search appellant's truck, and because his "actions in Appellant's case were based on nothing more than a subjective hunch," appellant contends that any fruits of the unlawful search of his truck in violation of his constitution rights should be suppressed.

The State responds that appellant's encounter with Officer Ramirez was consensual. Because "an officer does not need probable cause or reasonable suspicion to initiate a consensual encounter," the State contends that appellant's constitutional rights were not implicated.

## A. Applicable Law and Standard of Review

A trial court may rule on a motion to suppress solely on the basis of opposing affidavits from the defendant and the State. *Manzi v. State*, 88 S.W.3d 240, 241 (Tex. Crim. App. 2002) (citing TEX. CODE CRIM. PROC. 28.01 §1(6) (West 2006)). This Court is to give deference to the trial court's determination of historical facts, even if "credibility and demeanor considerations" are absent. *Id*. at 243.

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *This is so even when the district*

*court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts.*

*Id*. at 243 (quoting *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573–74 (1985)(emphasis in original)). When a motion to suppress is determined solely on affidavits, we review "de novo the court's application of the law to the facts." *Benjamin v. State*, No. 01-10-00066-CR, 2011 WL 1233512, at *3 (Tex. App.—Houston [1st Dist.] March 31, 2011, pet. ref'd) (mem. op.; not designated for publication) (*citing Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007)). And we "must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case." *Id*. (citing *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003)).

## B.    Analysis

"The Fourth Amendment of the U.S. Constitution and Article I, Section 9, of the Texas Constitution protect individuals from unreasonable searches and seizures." *Ex Parte Moore*, 395 S.W.3d 152, 158 (Tex. Crim. App. 2013) (citing *Richardson v. State*, 865 S.W.2d 944, 948 (Tex. Crim. App.1993)). "A valid warrant based on probable cause is necessary to conduct a search unless one of the many exceptions to the warrant requirement is appropriate under the circumstances." *Joseph v. State*, 807 S.W.2d 303, 307 (Tex. Crim. App. 1991). Officer R. Ramirez's affidavit states that he saw "in plain view hanging from the

visor a clear plastic bag of marihuana." Under the plain view exception to the warrant requirement, "[a] seizure of an object is lawful" if: "First, law enforcement officials must lawfully be where the object can be 'plainly viewed.' Second, the 'incriminating character' of the object in plain view must be 'immediately apparent' to the officials. And third, the officials must have the right to access the object." *Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009). Under the "automobile exception" law enforcement officials "may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband." *Id*. at 335. The Court of Criminal Appeals has held that the automobile exception applies when a car is in a private driveway. *Id.*

Officer Ramirez had the requisite training and experience to recognize the contraband hanging in plain view from the visor. The trial court thus could have determined—relying on Officer Ramirez's affidavit and rejecting appellant's affidavit—that the automobile exception applied here to justify seizing the marihuana in plain view in appellant's automobile.

We overrule appellant's first issue.

### SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant complains that "the evidence is insufficient to show adequate probable cause for an arrest of knowing possession of marihuana." While he couches this issue in terms of probable cause for arrest, his actual

argument focuses exclusively on the sufficiency of the evidence to support a conviction for possession of marihuana. Specifically, he challenges whether the State proved, beyond a reasonable doubt, that he "exercised control, management, or care of the substance" and that he "knew that the substance possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

We do not address this argument as appellant pleaded guilty, reserving only the right to appeal "those matters that were raised by written motions filed and ruled on before trial." TEX. R. APP. P. 25.2(2)(A).

We overrule appellant's second issue.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).