

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00432-CR

JEFFERY R. WILDE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Armstrong County, Texas
Trial Court No. 1185, Honorable Dan L. Schaap, Presiding

June 3, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Jeffery R. Wilde, was convicted of driving while intoxicated, third or more offense,[1] and assessed a term of confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) of four years. Appellant appeals, contending that the trial court committed reversible error when it denied his motion to suppress. We will affirm.

---

[1] See TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2015).

Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to support the jury's verdict. Rather, it is appellant's contention that the trial court erred in denying his motion to suppress the evidence collected because of the arrest. Accordingly, we will only review that part of the record necessary to address the issue raised.

On August 21, 2014, Armstrong County Sheriff J.R. Walker was approached at his home by Tom Knox, a resident of the county, who explained that he had just come from a location on the canyon rim off FM 207[2] and observed appellant parked on the canyon rim. Knox explained that he went to the canyon rim looking for his daughter and she was in the vehicle with appellant. According to Knox, both appellant and his daughter seemed to be passed out, drunk or high.

After placing his daughter in his vehicle, Knox drove straight to Walker's residence and made the report. Walker, who was familiar with appellant and the vehicle he drove, immediately advised his office dispatch that he was proceeding toward the canyon rim on FM 207. While proceeding toward the canyon rim, Walker met the pickup truck that he knew appellant drove.

As Walker approached appellant's vehicle, the vehicle could be observed drifting within its lane of travel toward the dividing center stripe of this two-lane road.[3] Walker can be heard on the dash camera, after he has turned his patrol vehicle around, saying

---

[2] FM is the initials for a Farm to Market road as designated by the Texas Department of Transportation.

[3] A DVD of the dash camera was introduced into evidence as State's Exhibit 1 at the hearing on the motion to suppress, and the same was forwarded to this Court as part of the appellate record.

that he had observed appellant drive on the center stripe. Subsequently, while Walker remained behind appellant's vehicle, the vehicle is observed on the dash camera again drifting toward the center stripe and appearing to, at least, touch, if not cross over, the stripe.

Walker then initiated a stop of appellant's vehicle for a violation of the Texas Transportation Code section 545.060(a). *See* TEX. TRANSP. CODE ANN. § 545.060(a) (West 2011).[4] Subsequent to the traffic stop, appellant was arrested for driving while intoxicated, third or more offense.

Appellant filed a motion to suppress, contending that there was no reasonable suspicion that he had been engaged in any criminal activity. Specifically addressing the traffic stop, appellant contended that, even if appellant's vehicle momentarily crossed the center stripe, there was no evidence on the video that the vehicle was being operated unsafely or that the momentary crossing of the center stripe was unsafe.

The trial court held a hearing on the motion to suppress. Walker was the only witness who testified. After hearing Walker's testimony and reviewing the DVD of the dash camera, the trial court denied the motion to suppress. Thereafter, the trial court filed findings of fact and conclusions of law. As pertinent to this opinion, the trial court's finding of fact 5 found that "Sheriff Walker observed the suspect vehicle drift across the

---

[4] The applicable portion of the statute is as follows:

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
    (1) shall drive as nearly as practical entirely within a single lane; and
    (2) may not move from the lane unless that movement can be made safely.

Further reference to the Texas Transportation Code will be by reference to "section ____" or "§ ____."

center line into the southbound lanes of traffic." In conclusion of law 3, the trial court found that Walker had reasonable suspicion to initiate a traffic stop on the vehicle.

Appellant proceeded to trial, and the jury found him guilty of the offense of driving while intoxicated, third or more offense. The same jury assessed appellant's punishment at confinement in the ID-TDCJ for four years. This appeal followed.

## Standard of Review

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *Ex parte Moore,* 395 S.W.3d 152, 158 (Tex. Crim. App. 2013) (citing *Balentine v. State,* 71 S.W.3d 763, 768 (Tex. Crim. App. 2002)). As an appellate court, we give almost total deference to the trial court's assessment of historical facts that turn on credibility and demeanor. *See State v. Saenz,* 411 S.W.3d 488, 494 (Tex. Crim. App. 2013). Those historical facts must be supported by the record. *See Wade v. State,* 422 S.W.3d 661, 666 (Tex. Crim. App. 2013). Thus, the findings of fact of the trial court which find support in the record and the rational inferences drawn from those supported facts are entitled to deference on appeal. *See Manzi v. State,* 88 S.W.3d 240, 243 (Tex. Crim. App. 2002). We review de novo a trial court's application of the law of search and seizure to the facts. *Wade,* 422 S.W.3d at 667. We uphold the trial court's ruling if it is reasonably grounded in the record and correct on any theory of law applicable to the case. *Id.* (citing *Valtierra v. State,* 310 S.W.3d 442, 447–48 (Tex. Crim. App. 2010)).

Analysis

Appellant points to Walker's testimony that there was very little traffic on FM 207 at the time in question and, further, that it was not immediately unsafe for appellant's vehicle to have crossed the center stripe nor did the movement of appellant's vehicle create an immediate safety hazard to any other driver. Therefore, according to appellant's theory, these facts support the legal conclusion that there was no traffic violation pursuant to section 545.060(a). Such is the case, he maintains, because, although section 545.060(a) may contain two subparts, there is only one offense, which is moving out of a marked lane when it is not safe to do so. As authority for this proposition, appellant cites the Court to *Hernandez v. State,* 983 S.W.2d 867, 871 (Tex. App.—Austin 1988, pet. ref'd), holding that the element of safety must be present in an offense for violation of section 545.060(a). Taking appellant's contention to its logical conclusion would require this Court to hold that there was no traffic violation and, therefore, no reasonable suspicion to initially detain appellant.

However, the Texas Court of Criminal Appeals has recently written on the question of how to properly analyze the traffic offenses set forth in section 545.060(a). *See Leming v. State,* No. PD-0072-15, 2016 Tex. Crim. App. LEXIS 73, at *17–18 (Tex. Crim. App. Apr. 13, 2016). The conclusion drawn by the Texas Court of Criminal Appeals is that "it is an offense to change marked lanes when it is unsafe to do so; but it is also an independent offense to fail to remain entirely within a marked lane of traffic so long as it remains practical to do so, regardless of whether the deviation from the marked lane is, under the particular circumstances, unsafe." *Id.* (interpreting section 545.060(a) and rejecting *Hernandez*'s construction).

Applying the teachings of *Leming* to the facts before us, we find that Walker testified about appellant's drifting across the center stripe, and the dash camera DVD shows appellant doing so on one occasion and driving across the stripe or on the stripe on another occasion. The trial court heard the testimony of Walker and viewed the DVD before making its ruling. Giving due regard to the duty of the trial court acting as the factfinder, we find support for the trial court's findings of fact. *See Manzi*, 88 S.W.3d at 243. Upon reviewing the trial court's application of the facts to the legal question of reasonable suspicion, we find that the trial court did not abuse its discretion in concluding that Walker had reasonable suspicion to believe that a traffic offense had been committed. *Ex parte Moore,* 395 S.W.3d at 158. Accordingly, we overrule appellant's sole issue on appeal.

Conclusion

Having overruled appellant's single issue, we affirm the trial court's denial of the motion to suppress.

> Mackey K. Hancock
> Justice

Do not publish.

6