**REVERSE and REMAND; and Opinion Filed August 3, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01045-CR

### THE STATE OF TEXAS, Appellant
### V.
### RANDY DALE ADAMS, Appellee

### On Appeal from the Criminal District Court No. 4
### Dallas County, Texas
### Trial Court Cause No. F14-34086-K

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Schenck
Opinion by Justice Brown

The State of Texas appeals an order granting Randy Dale Adams's motion to suppress evidence. In a single issue, the State contends the trial court abused its discretion in granting Adams's motion. Because we agree, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

On July 10, 2014, Irving police officers went to a Motel 6 and requested a copy of its guest registry. The motel manager voluntarily gave the officers the registry. The officers then checked the names on the registry for warrants. As a result, police discovered Adams was staying at the motel and also that he had a warrant for his arrest. Police knocked on his motel room door and asked for consent to search the room. Adams consented and police found methamphetamine.

Adams filed a motion to suppress complaining that the investigation that enabled police to locate him violated his rights under the Fourth Amendment of the United States Constitution and Article 1, Section 9 of the Texas Constitution. The trial court granted Adams's motion. In a single issue, the State contends the trial court erred in granting the motion to suppress because Adams had no reasonable expectation of privacy in the hotel registry. We agree.

The Fourth Amendment and Article 1, Section 9 protects individuals from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Tex. Const. art. 1, § 9; *see also Ex parte Moore*, 395 S.W.3d 152, 158 (Tex. Crim. App. 2013). The purpose of both provisions is to safeguard an individual's legitimate expectation of privacy from unreasonable governmental intrusions. *Hankston v. State*, 517 S.W.3d 112, 117 (Tex. Crim. App. 2017). Under the third-party doctrine, police are not prohibited from obtaining information revealed to third parties, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed. *Smith v. Maryland*, 442 U.S. 735, 477 (1979); *Hankston*, 517 S.W.3d at 117; *Ford v. State*, 477 S.W.3d 321, 328 (Tex. Crim. App. 2015).

Adams's motion to suppress was based on his contention that he had a reasonable expectation of privacy in the motel registry. However, the only information contained on the registry was information Adams revealed to a third party, the motel. Adams had no reasonable expectation of privacy in that information. *Hankston*, 517 S.W.3d at 117; *Ford*, 477 S.W.3d at 329. We therefore conclude the trial court abused its discretion in granting Adams's motion to suppress.

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

161045F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-16-01045-CR      V.

RANDY DALE ADAMS, Appellee

On Appeal from the Criminal District Court
No. 4 of Dallas County, Texas
Trial Court Cause No. F14-34086-K.
Opinion delivered by Justice Brown. Justices
Francis and Schenck participating.

Based on the Court's opinion of this date, the trial court's order granting Randy Dale Adams's motion to suppress is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

Judgment entered this 3rd day of August, 2017.