COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| GABRIEL MARIN, | § | No. 08-19-00186-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court #4 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20180C03247) |

## O P I N I O N

The State charged Gabriel Marin, Appellant, with one count of driving while intoxicated.[1] The jury found that Appellant was guilty as charged in the information and the trial court sentenced Appellant to 180 days in jail, probated the sentence for 20 months, and assessed a $1,000.00 fine. On appeal, Appellant challenges the admissibility of breathalyzer results, which turns on the trial court's denial of a motion to suppress argued at trial. Finding no error, we affirm the conviction below.

## I. BACKGROUND

### A. Factual Background

In the early hours of March 31, 2018, Officer Andres Rodriguez responded to a reported

---

[1] TEX.PENAL CODE ANN. § 49.04.

traffic collision in El Paso. Appellant, one of the drivers, told Officer Rodriguez that he had been involved in a crash with another vehicle. Officer Rodriguez observed that Appellant showed signs of intoxication, including slurred speech, bloodshot eyes, and a strong odor of alcohol. When questioned, Appellant admitted that he had been drinking, consuming "four beers and two mixed drinks." At this time, Officer Rodriguez requested that Appellant perform a field sobriety test and Appellant consented. Based upon the results of those tests and the evidence gathered, Officer Rodriguez arrested Appellant for DWI.

At the time of arrest, Officer Rodriguez read Appellant his *Miranda* warnings, along with the warnings contained on the DIC-24 form (the "statutory warnings"). Those statutory warnings include the consequences of a motorist's failure to submit to a blood or breath test, and a statement that the officer is now requesting a specimen of the motorist's blood or breath (here, the officer checked the box indicating a breath specimen). Appellant initially refused to provide a breath sample. Officer Rodriguez then transported Appellant to the police station.

At the station, Officer Rodriguez instructed Appellant that if he had not changed his mind about providing a breath sample, he needed to sign the statutory warnings form. According to Officer Rodriguez, Appellant then indicated that he had changed his mind and would submit to the test.

Prior to administering the test, Appellant was under observation for a period of fifteen minutes under a protocol to assure the validity of the test results. Neither that observation period, nor the discussions concerning the statutory warnings form, nor the actual breathalyzer test were recorded on videotape. Appellant provided two breath samples which revealed his blood alcohol level to be 0.132 and 0.129 g/210L.

**B. Procedural Background**

Prior to trial, Appellant filed a motion to suppress evidence, including any statements that he made. The motion was not raised with the trial court until immediately after jury selection. The trial court carried the motion until it heard the predicates that the State would lay for the statements, videotapes, and other evidence subject to the objections that Appellant urged.

At trial, the State called Officer Rodriguez and Martha Mendoza (a technical supervisor for the Breath and Alcohol Testing Program) as its only witnesses. After the State rested, Appellant re-urged the motion to suppress. He made two arguments relevant to this appeal. First, Appellant argued that he never voluntarily consented to give a breath sample. Appellant emphasized that at the accident scene he repeatedly refused to consent to a breath sample, yet the State claims he inexplicably changed his mind later at the police station. Second, Appellant argued that any statement he may have given consenting to the breath sample would have been given while he was under custodial interrogation. But because that alleged statement was not videotaped, it would be inadmissible under TEX.CODE CRIM.PROC.ANN. ART. 38.22. The trial court denied the motion, reasoning in part that Officer Rodriguez testified that Appellant gave consent at the police station and that "[t]here is nothing to controvert that."

## II. STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex.Crim.App. 2010); *State v. Tabares*, No. 08-17-00175-CR, 2019 WL 2315004, at *4 (Tex.App.--El Paso May 22, 2019, no pet.) (not designated for publication). An abuse of discretion occurs when the trial court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App. 1992) (en banc); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (en banc) (op. on

reh'g). In reviewing the record, we give almost total deference to a trial court's determination of historical fact, and mixed questions of fact and law which turn on credibility issues, if they are reasonably supported by the record. *State v. Arellano*, 600 S.W.3d 53, 57 (Tex.Crim.App. 2020); *Garcia v. State*, No. 08-19-00176-CR, 2021 WL 235658, at *3 (Tex.App.--El Paso Jan. 25, 2021, no pet.) (not designated for publication). We review de novo pure legal issues, or questions where credibility or demeanor are not at play. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Tabares*, 2019 WL 2315004, at *4.

Where, as here, the trial court does not file explicit findings concerning its ruling on the motion to suppress, we assume the trial court made implicit findings in support of its ruling if the record supports such findings. *Ex Parte Moore*, 395 S.W.3d 152, 158 (Tex.Crim.App. 2013). "The winning side is afforded the 'strongest legitimate view of the evidence,' along with all reasonable inferences that can be derived from it." *Duran*, 396 S.W.3d 563, 570 (Tex.Crim.App. 2013), *quoting State v. Weaver*, 349 S.W.3d 521, 525 (Tex.Crim.App. 2011).

## III. DISCUSSION

Appellant raises a single issue on appeal with two subparts. First, he contends that his consent to submit to the breathalyzer was not voluntarily given. Second, he claims that any statement he gave which would constitute consent is inadmissible because it fails to meet Article 38.22. We take each subpart of his issue in turn.

### A. Voluntariness of Consent to Give a Breath Sample

Under our implied consent statute, Texas law presumes that anyone arrested for DWI has consented to providing a blood or breath sample. TEX.TRANSP.CODE ANN. § 724.011(a). Notwithstanding that provision, a person retains the absolute right to refuse to provide such a sample unless certain statutory exceptions apply. *Id*. § 724.013. Before requesting a blood or

4

breath sample, a law enforcement officer must inform a suspect that their refusal: (1) may be admissible in a subsequent prosecution; (2) will result in the suspension of their operator's license for a minimum of 180 days; and (3) may result in the officer applying for a warrant to secure the same. *Id*. § 724.015. The officer must also inform the suspect of the consequences if they provide a sample which reveals an alcohol concentration above the statutory limit. *Id*. The DIC-24 form contains these statutory warnings, which were read to Appellant at the time of his arrest.

While at the scene, Appellant initially refused to allow a breath sample. After being transported back to the station, according to Officer Rodriguez, Appellant had a change of heart. When instructed that he needed to sign the statutory warnings form indicating his refusal Appellant decided he would submit a breath sample.

A driver's consent to provide a blood or breath sample must be offered freely and voluntarily. *Meekins v. State*, 340 S.W.3d 454, 458-59 (Tex.Crim.App. 2011). A court reviews the totality of the circumstances to determine whether the subject's will has been overborne and his capacity for self-determination critically impaired by law enforcement. *Id*. at 459; *Fienen v. State*, 390 S.W.3d 328, 333 (Tex.Crim.App. 2012). However, there is no evidence in this record that compels the conclusion that Appellant's decision was the result of coercion, intimidation, psychological pressure, or anything other than his considered decision that taking the breathalyzer test would be in his best interest. The mere fact that Appellant later changed his mind after an initial refusal does not lead to the conclusion that he subsequently consented to do so involuntarily. *Fienen*, 390 S.W.3d at 330-31, 336; s*ee also Bice v. State*, No. 13-12-00154-CR, 2013 WL 123709 (Tex.App.--Corpus Christi Jan. 10, 2013, pet. ref'd) (mem. op., not designated for publication) ("Consequently, there is no testimony in the record regarding appellant's reasons for initially refusing to provide a sample or why he later changed his mind.").

The only evidence in our record regarding the consent issue came from Officer Rodriguez and the statutory warnings form. Officer Rodriguez instructed Appellant that if he had not changed his mind about providing a breath sample, he needed to sign the statutory warnings form. At that point, rather than sign the form, Officer Rodriguez testified that Appellant changed his mind and would submit to the test. And consistent with that testimony, the statutory warning form was unsigned.

The issue largely boils down to a credibility dispute. Appellant challenged Officer Rodriguez, as best he could, through cross-examination of the officer. But an implied finding supporting the trial court's denial of the motion to suppress is that Officer Rodriguez was sufficiently credible. Given our standard of review, we find no error in the trial court's admission of Appellant's consent to the breathalyzer on the ground of voluntariness.

### B. Admissibility of Appellant's Verbal Consent

Appellant secondarily argues that the breathalyzer results were inadmissible because the consent to the test should have been videotaped. Texas law prohibits the admission of an oral statement made by the accused *as a result of a custodial interrogation* unless "an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement[.]" TEX.CODE CRIM.PROC.ANN. ART. 38.22 § 3(a)(1) (with subsections (2) to (5) setting out additional requirements of the recording).

The State argues that Appellant failed to raise this issue by failing to timely object on this ground prior to the introduction of the evidence. We note that, prior to trial, Appellant filed a motion to suppress. Further, at the time of the admission of the statutory warnings, Appellant objected under Article 38.22, and renewed the objection at the time of the admission of the

6

breathalyzer results.  Based upon the totality of the record, we find that Appellant has adequately preserved the issue for appeal.

That determination, however, does not dispose of the issue because on its face Article 38.22 applies only to a custodial interrogation. TEX.CODE CRIM.PROC.ANN. ART. 38.22 § 3(a).  Several courts have ruled that a request by law enforcement to provide a blood or breath sample, even where the suspect is in custody, does not constitute an interrogation. *South Dakota v. Neville*, 459 U.S. 553, 564 n.15 (1983); *McCambridge v. State*, 712 S.W.2d 499, 506 (Tex.Crim.App. 1986) (en banc); *McGinty v. State*, 723 S.W.2d 719, 722 (Tex.Crim.App. 1986) (en banc); *Morris v. State*, 897 S.W.2d 528, 531 (Tex.App.--El Paso 1995, no pet.).  Routine administrative inquiries fall outside the ambit of "custodial interrogations."  *Alford v. State*, 358 S.W.3d 647, 654 (Tex.Crim.App. 2012).  The United States Supreme Court articulated this point in *South Dakota v. Neville*:

> In the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda*.  As we stated in *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980), police words or actions "normally attendant to arrest and custody" do not constitute interrogation.  The police inquiry here is highly regulated by state law, and is presented in virtually the same words to all suspects.  It is similar to a police request to submit to fingerprinting or photography.  Respondent's choice of refusal thus enjoys no prophylactic *Miranda* protection outside the basic Fifth Amendment protection.

459 U.S. at 564.  And as this Court has written, asking a suspect in custody whether he will take a blood alcohol test or repeatedly "asking a suspect to give a breath sample are not 'interrogations.'" *Morris*, 897 S.W.2d at 531; *see also  Aguayo v. State*, No. 08-13-00283-CR, 2015 WL 6741873, at *6 (Tex.App.--El Paso Nov. 4, 2015) (not designated for publication) ("[W]e easily dispense with Appellant's claim that the lack of *Miranda* or Article 38.22 warnings compelled the trial court to suppress the consent form, or the conversations immediately surrounding execution of the consent form.").

Here, based upon his testimony, Officer Rodriguez merely sought Appellant's signature on the statutory warnings form. At that time, Appellant volunteered that he would provide a breath sample. The record does not support the conclusion that Appellant submitted to any interrogation, let alone a custodial interrogation within the meaning of Article 38.22. We therefore overrule the claim that the trial court could not consider Appellant's consent to give a breath sample because it failed to meet the requirements of Article 38.22.

Appellant was informed of his statutory rights and the record contains testimony from Officer Rodriguez which would support the implied finding that Appellant voluntarily consented to give the breath sample. We find sufficient evidence supporting the trial court's denial of the motion to suppress, such that the trial court did not abuse its discretion in denying the motion to suppress.

## IV. CONCLUSION

For the reasons set forth above, we overrule Appellant's single issue and affirm the judgment of Appellant's conviction.

JEFF ALLEY, Justice

April 15, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

8